STATE *vs.* FREEMAN F. GOODENOW and LYDIA HUSSEY, *alias* LYDIA F. GOODENOW.

Androscoggin, 1875.—March 8, 1876.

*Crimes. Intent. Adultery.*

When an act is in itself unlawful, the law implies a criminal intent.

A man and woman jointly indicted for adultery, the female defendant having a lawful husband alive, cannot set up in defense of the indictment, that such husband had been married again, and that, on that account, they supposed they could lawfully intermarry; and that they were so advised by the magistrate who married them, they relying upon the opinion of the magistrate in good faith.

ON EXCEPTIONS.

INDICTMENT, alleging adultery on November 21, 1873.

The female defendant was legally married to George W. Hussey, April 30, 1861, at Turner, where they subsequently cohabited as husband and wife. They afterwards separated; and October 15, 1865, the defendants were united in marriage by one Isaac I. York, a justice of the peace, and they ever after cohabited as husband and wife. There was evidence that December 14, 1873, George W. Hussey, was alive at Byron, Michigan, (the evidence

being that his mother received a letter of that date purporting to come thence from him by due course of mail,) and that no divorce had ever been decreed between George W. Hussey and Lydia Hussey by the courts of this state.

The defendants offered to prove that prior to June, 1865, George W. Hussey had deserted and abandoned the said Lydia, and that in June, 1865, he married another woman from Toronto, Canada, and introduced her to several persons in Portland, in this state, as his wife and exhibited to them a certificate of the last named marriage; that he soon after left this state and had not returned ; that October 16, 1865, the defendants exhibited to said York affidavits from various parties that George W. Hussey had married another woman ; that they were thereupon advised by said York that they could legally intermarry; and that they did so intermarry in good faith; all of which the presiding judge excluded, and the defendants, the verdict being guilty, excepted.

*L. H. Hutchinson* and *A. R. Savage*, for the defendants.

I. To sustain an indictment for adultery, three particulars must be proved: the *corpus delicti ;* that one of the parties had been previously married to some other person, and that such person was alive at the time of the acts of adultery complained of.   3 Greenl. Ev., §§ 204, 207; 2 Whart. Crim. Law., §§ 2651-2; 43 Maine, 258.

These must each be proved.   As regards the third, the mere presumption of the continuation of life is not sufficient.   3 Greenl. Ev., § 207.

In the present case, the only evidence tending to show that the former husband of Mrs. Hussey was alive at the time alleged in the indictment, was a letter purporting to have come from him to his mother.   The handwriting of the letter was not even identified ; and this evidence is, we contend, clearly insufficient to send a man and woman to state prison upon.

II. The defendants appear to have acted, in entire good faith. They sought and acted upon the advice of the officiating magistrate, who was presumably qualified to give them proper advice.

There are numberless instances where parties are relieved from the consequences of their acts, done in accordance with the ad-

vice of those whom they may reasonably suppose to be qualified to give the same, including magistrates and such; much more, they should not be condemned.

The evidence offered by the defendants, and excluded by the presiding justice, shows that there was no knowledge or intent of committing any wrong, much less a crime.

Knowledge and intent where material must be shown by the prosecutor. 1 Whart. Crim. Law, § 631. *Wright* v. *State,* 6 Yerger, 345.

The evidence offered and excluded, shows that the defendants acted in good faith, and that the best meaning person by a mistake may be thrust into prison for a term of years.

*G. C. Wing,* county attorney for the state, cited, as directly in point, *Commonwealth* v. *Mash,* 7 Metc., 472 ; *Same* v. *Thompson,* 6 Allen, 591, and same parties, 11 Allen, 23.

PETERS, J. The respondents are jointly indicted for adultery, they having cohabited as husband and wife while the female respondent was lawfully married to another man who is still alive. The only question found in the exceptions, is, whether the evidence offered and rejected should have been received. This was, that the lawful husband had married again, and that the justice of the peace who united the respondents in matrimony advised them that, on that account, they had the right to intermarry, and that they believed the statement to be true, and acted upon it in good faith. It is urged for the respondents, that those facts would show that they acted without any guilty intent. It is undoubtedly true, that the crime of adultery cannot be committed without a criminal intent. But the intent may be inferred from the criminality of the act itself. Lord Mansfield states the rule thus: "Where an act, in itself indifferent, becomes criminal if done with a particular intent, there the intent must be proved and found; but where the act is in itself unlawful, the proof of justification or excuse lies on the defendant; and in failure thereof, the law implies a criminal intent."

Here the accused have intentionally committed an act which is in itself unlawful. In excuse for it, they plead their ignorance of

the law. This cannot excuse them. Ignorance of the law excuses
no one. Besure, this maxim, like all others, has its exceptions.
None of the exceptions, however, can apply here. The law, which
the respondents are conclusively presumed to have known, as ap-
plicable to their case, is well settled and free of all obscurity or
doubt. It would perhaps be more exact to say, they are bound as
if they knew the law. Late cases furnish some interesting discus-
sions upon this subject. *Cutter* v. *State*, 36 New Jer., 125.
*United States* v. *Anthony*, 11 Blatchf., 200. *United States* v.
*Taintor*, Id., 374. 2 Green's Crim. Law R., 218, 244, 275, 589.
*Black* v. *Ward*, 27 Mich., 191. S. C., 15 Amer. Law Reports,
162, and note 171. The rule, though productive of hardship in
particular cases, is a sound and salutary maxim of the law. Then,
the respondents say that they were misled by the advice of the
magistrate, of whom they took counsel concerning their marital
relations. But the gross ignorance of the magistrate cannot ex-
cuse them. They were guilty of negligence and fault, to take his
advice. They were bound to know or ascertain the law and the
facts for themselves at their peril. A sufficient criminal intent is
conclusively presumed against them, in their failure to do so. The
facts offered in proof may mitigate, but cannot excuse, the offense
charged against them. There is no doubt, that a person might
commit an unlawful act, through mistake or accident, and with in-
nocent intention, where there was no negligence or fault or want
of care of any kind on his part, and be legally excused for it. But
this case was far from one of that kind. Here it was a criminal
heedlessness on the part of both of the respondents to do what was
done by them. The Massachusetts cases cited by the counsel for
the state, go much further than the facts of this case require us to
go in the same direction, to inculpate the respondents. Besides
those cases, see also *Commonwealth* v. *Elwell*, 2 Metc., 190;
*Commonwealth* v. *Farren*, 9 Allen, 489 ; *Commonwealth* v.
*Goodman*, 97 Mass., 117 ; *Commonwealth* v. *Emmons*, 98 Mass.,
6. We see no relief for the respondents except, if the facts war-
rant it, through executive interposition.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN,
JJ., concurred.