SOLOMON S. GRAY & others *vs.* CHRISTIAN SOCIETY & others.

Suffolk.   March 25. — June 26, 1884.   DEVENS & COLBURN, JJ., absent.

A by-law of a religious society provided as follows: "Any member who shall either cease to regularly worship with the society, or who shall fail to contribute to the support of its public worship for the term of one year, shall have his or her name dropped from the list of members." *Held,* that a member could be deprived of his membership only by a vote of the society, after a hearing.

A by-law of a religious society provided that the object for which a special meeting was called must be stated. Another by-law provided that a new member must be approved by a vote of the society. The warrant which called a special meeting of the society, at which several persons were admitted to membership and allowed to vote, contained no article for the admission of new members, but contained the general article, "To transact any other business that may legally come before said meeting." *Held,* that the election of such persons was invalid.

BILL IN EQUITY, filed November 15, 1881, to restrain the sale of church property of the defendant corporation. Hearing before *C. Allen,* J., who ordered a decree for the plaintiffs; and the defendants appealed to the full court. The facts appear in the opinion.

*D. B. Gove & L. M. Child,* for the defendants.

*W. E. L. Dillaway,* for the plaintiffs.

HOLMES, J.   At a meeting of the Christian Society held on October 12, 1881, a vote was passed to sell the society's house of worship and to remove elsewhere. At a meeting held on October 28, a motion declaring such sale inexpedient was defeated. Enough persons to have changed the result on each vote were present, who were opposed to the sale of the church, and who wished to vote; but they were prevented from voting by the presiding officer, acting in conjunction with the defendant Goodwin and others. The main question is whether these persons had a right to vote.

The answer depends upon the effect to be given to article 11 of the by-laws of the society, passed May 5, 1880. It is not now argued that the persons concerned did not become members of the society under the previous by-law of 1853, and we have no doubt that they did. The question is narrowed, therefore, to whether they have ceased to be members by force of the present article 11.

This article is as follows : "Any member who shall either cease to regularly worship with the society, or who shall fail to contribute to the support of its public worship for the term of one year, shall have his or her name dropped from the list of members." The judge before whom the cause was tried ruled in terms that this was valid, and, interpreted as we interpret it, we assume both that it was so, and that it applied to existing as well as future members. *Taylor* v. *Edson*, 4 Cush. 522. *Dawkins* v. *Antrobus*, 17 Ch. D. 615, 634.

In *Taylor* v. *Edson*, it was assumed, without argument or mention, that, if the by-law there in question was valid, and applied to existing members, the defendant did right in refusing to receive the vote of a person who had not paid his annual subscription of five dollars. The by-law provided that persons owning or hiring pews, who "shall subscribe and pay annually for the support of public worship a sum not less than five dollars, . . . . shall be deemed members of this parish, and entitled to vote at the annual meeting of said parish, subsequent to such subscription and payment and during its continuance, and no longer." It might well be contended, on this language, that membership of the society was only from year to year, and that payment of the subscription for the current year was a condition precedent to membership and the right to vote. It will also be noticed, that the sum to be paid was fixed, and that therefore there could not ordinarily arise any question whether the condition had been complied with.

The defendant's by-law, on the other hand, does not create a membership from year to year, and a failure to contribute to the support of public worship for a year stands on the same footing as ceasing regularly to worship with the society, as a breach of a condition subsequent for which the "member" "shall have his or her name dropped from the list of members." By the very words of the by-law, a membership is assumed to exist of which the party is to be deprived. He is to be deprived, once for all, by one act, that of dropping his name from the list. If there were no other ground for the conclusion, this would be enough to satisfy us that membership was not determined by mere omission on the member's part. And, if an act is necessary, it is clear that it must be a vote of the society, just as a

vote of the society is necessary under article 10 for the approval of a member. No other person or body is empowered to do it; certainly not the moderator of a meeting. *Commonwealth* v. *Pennsylvania Beneficial Institution*, 2 S. & R. 141. *Delacy* v. *Neuse River Nav. Co.* 1 Hawks, 274, 279. *Sibley* v. *Carteret Club*, 11 Vroom, 295.

But, again, the grounds on which a member is to be deprived of his membership are both of them indefinite, involving questions of, more or less, possible disputes of fact, and certain differences of judgment. Not only is the number of times a man has attended, or the amount he has contributed, to be settled, but then comes the question whether the facts amount to ceasing regularly to worship with the society, or to a substantial failure to contribute. These questions are not to be decided by a moderator when a person offers his vote. They are judicial questions, to be determined by the society, after giving the member notice and an opportunity to be heard. The necessity of complying with these requirements of common justice has been so uniformly asserted, that only a few cases need be cited, in addition to those last referred to, to show how unwilling courts have been to admit that charters, by-laws, or rules could be intended to deprive a man of his membership without a hearing. *Dean* v. *Bennett*, L. R. 6 Ch. 489. *Fisher* v. *Keane*, 11 Ch. D. 353, 359. *Queen* v. *Saddlers' Co.* 10 H. L. Cas. 404. *Innes* v. *Wylie*, 1 Car. & K. 257, 263. *State* v. *Adams*, 44 Mo. 570, 586.

As there had been no hearing, and no vote of the society that their names should be dropped from the list, the persons who were prevented from voting were wrongfully prevented.

Six persons were allowed to vote who were admitted on October 12. As to them, we need do no more than repeat the language of the justice who tried the cause : " That meeting was called by a warrant which contained no article for the admission of new members. It was a special meeting. By article 8 of the by-laws, the object for which a special meeting is called must be stated. By article 10, a new member must be approved by a vote of the society. It would seem that an election of members is invalid, unless notice is given of this business according to the eighth by-law. The votes of the six new members were improperly received." The general article, " To

transact any other business that may legally come before said meeting," if it was contained in the notice, as is alleged in the answer, was not sufficient. *People's Ins. Co.* v. *Westcott*, 14 Gray, 440.                                  *Decree affirmed.*