## James K. McAlees, Plff. in Err., *v.* Supreme Sitting, Order of the Iron Hall.

A member of a beneficial society must resort, for the correction of an
alleged wrong, to the tribunals of his order; and the judgments of such
tribunals when resulting fairly from the application of the rules of the
society are final and conclusive.

It seems that a beneficial society is not a life insurance company, within
the meaning of the act of May 11, 1881.

(Argued March 20, 1888. Decided April 23, 1888.)

January Term, 1888, No. 111, E. D. All the Judges present.
Error to Common Pleas No. 2 of Philadelphia County to re-
view a judgment discharging a rule for judgment for want of a
sufficient affidavit of defense in an action of assumpsit, June
term, 1887, No. 492. Affirmed.

In this action James K. McAlees, a member of the Local
Branch, No. 201, Order of the Iron Hall, having been totally
disabled by sickness for a period of upwards of twenty weeks,

Cited in Harman v. Raub, 25 Pa. Co. Ct. 97, 102, 18 Lanc. L. Rev. 181;
Brubaker v. Denlinger, 17 Lanc. L. Rev. 217; Miller v. Wolf, 18 Lanc.
L. Rev. 105; Supreme Lodge, O. of S. F. v. Raymond, 57 Kan. 647, 49
L. R. A. 378, 47 Pac. 533; Mead v. Stirling, 62 Conn. 592, 23 L. R. A. 227,
27 Atl. 591.

NOTE.—A beneficial society does not come within the provisions of the
act of May 11, 1881. Dickinson v. Ancient Order of U. W. 159 Pa. 258,
28 Atl. 293; Beatty v. Supreme Commandery U. O. of G. C. 154 Pa. 484,
25 Atl. 644; Donlevy v. Supreme Lodge S. of H. 1 Pa. Dist. R. 213, 11
Pa. Co. Ct. 477.

claimed under a certificate issued to him by the Supreme Sitting, Order of the Iron Hall, sick benefits, amounting to $500, at the rate of $25 per week, for twenty weeks' continuous illness.

The essential portions of the certificate were as follows:

"For and in consideration of that James K. McAlees has become a member of Local Branch, No. 201, Order of the Iron Hall, and has obligated himself to obey all lawful commands of this Order, whether emanating from the local branch of which he may be a member, or from this Supreme Sitting, or from any other duly constituted authority, and of the sum of $2.50 which he has paid to said local branch, as an assessment on the account of the relief fund of this order, and of further assessments of a like amount to be paid as may be regularly and lawfully called for, and of an explicit compliance with all the laws, rules, and usages of this order, also all laws which may hereafter be enacted, and especially with the conditions herein set forth, do grant unto the said member this certificate and declare him to be entitled to all the rights and privileges properly belonging to members of his rank and standing, including a benefit of not exceeding $1,000 from the relief·fund of this order, which sum shall be paid in the manner and upon the conditions hereinafter mentioned, to wit:"

[Here followed provisions (1) for an endowment of $1,000, less benefits at the end of seven years; (2) for death within that time; and (3) for total permanent disability.]

"Fourth. In case the said member shall become temporarily totally disabled from following his usual occupation, by disease or accident, which shall not have been produced or brought about by his own vicious, intemperate, or immoral conduct, during the continuance of this certificate, all assessments, dues, and demands being at the time fully paid, and he being in all respects in good standing in the order, his membership having been of not less than sixty days' duration, then he shall be entitled to a benefit for each week's disability in a sum not exceeding $2\frac{1}{2}$ per cent of the principal amount named herein, for not exceeding twenty weeks during the term of this certificate; which benefit shall be paid when he has entirely recovered, or, upon demand, when he has been disabled for four or more weeks, in instalments of an amount equaling the benefit for four weeks, or such period longer than four weeks, as he shall elect."

The following affidavit of defense was filed:

"Ellis Pennington, being duly affirmed according to law, doth depose and say that he is the Supreme Adjuster of the Supreme Sitting of the Order of the Iron Hall, the defendant in this case; that James K. McAlees, the plaintiff in the above action, ought not to have and maintain his action, as the defendant has, among other defenses upon the merits, a full, just, and true defense of the following character, to wit:

"Upon the 19th of February, 1886, the plaintiff in presenting his petition to the officers and members of Local Branch, No. 201, of the Order of the Iron Hall, applying for membership therein, and expressing approval of the purposes and objects of said order, distinctly agreed in writing that if admitted he would conform to all the laws, rules, and usages of the order, and promptly comply with all lawful requirements thereof, and, *inter alia*, he has also expressly agreed that he would not enter into any legal proceedings against the order for any claim he might have for sick benefits or total disability until he had first exhausted all remedy within the order as prescribed by the law as set forth in the constitution and ritual of the order.

"Upon this stipulation and agreement, among other things, the said James K. McAlees was admitted to membership and thereby became subject to all the laws, rules, and usages of the order, among which is the following:

"Constitution governing local branches, article XIII. sec. I.: 'Any member considering that injustice has been done him by this branch may, within one month after such decision, make a written appeal to the Supreme Sitting or Supreme Justice, stating his reasons therefor. Immediately upon making the appeal he must notify this branch of the fact. This branch, within one month after receiving such notice, shall forward to the Supreme Sitting, or Supreme Justice, a copy of all the minutes of this branch relating to the subject, together with the journal and testimony taken by the committee, certified to by the chief justice and accountant, with the seal of the branch attached. The member making the appeal must certify to the Supreme Sitting or Supreme Justice that he has notified this branch of the appeal. Should either party neglect these duties, the appeal may be considered as dismissed to the disadvantage of the branch or of the member.'

"And in section 10 of article 7 of the constitution and laws

of the Order of the Iron Hall, it is provided: 'There shall be a body connected with the Supreme Sitting, to be known as the executive committee. It shall consist of the junior past supreme justice, supreme justice, supreme vice-justice, supreme accountant, supreme cashier, supreme medical director, supreme adjuster, supreme instructor and one representative from the board of trustees—a majority of whom shall constitute a quorum. During the recess of the Supreme Sitting it shall exercise all the powers thereof concerning business matters; but its doings must be submitted semiannually to the local branches, in a printed report, and submitted to the Supreme Sitting at each regular session thereof, and subject to its action. It shall district and redistrict the local branches, so every branch may be represented at the district meetings. It shall also have power by a vote, wherein five of its members shall agree thereto, after due trial had, to suspend any officer of the Supreme Sitting, or anybody under its jurisdiction, for neglect or refusal to perform any constitutional or lawful duty, and to fill the place of any officer of the Supreme Sitting so suspended until the regular biennial session of the Supreme Sitting, and to pay to such temporary appointee the salary, if any, which the regular officer would have received. That all appeals from the decision of the supreme medical director in passing upon claims for sick benefits shall be referred to the executive committee, whose decision shall be final in each and every case. The regular sessions of this committee shall be held on the first Wednesday of February and August of each year, or upon the call of the supreme justice, or if he refuse to issue such call, when requested, upon that of any two of its members. It shall perform all other duties that may be referred to it from time to time; and its meetings shall be presided over and its business transacted in the same manner as that of the Supreme Sitting.'

"But although the said James K. McAlees by his agreement is bound to conform to the laws, rules, and usages of the order, and to exhaust all remedies within the order as prescribed by the laws and set forth in the constitution and ritual of the order, yet in truth and fact the said James K. McAlees as to four fifths of the claim now sued for has never presented or made any application or claim to the Local Branch, No. 201, or to the Supreme Medical Director of the Order; nor as to any part of the said claim now sued for has he ever made any appeal to, or

claim upon, the Supreme Sitting, or supreme justice, or executive committee of the order, but has wholly failed in every particular to comply with the requirements of section 1 of article 13, or of section 10 of article 7 of the constitution governing local branches, and has thereby violated his distinct agreement to exhaust all remedies within the order before resorting to legal proceedings.

"This affidavit is made without waiver of any rights or benefits that might accrue to the defendant from other facts going to the merits of said plaintiff's claim.

"All of which facts deponent has been informed, and he believes them to be true, and expects to be able to prove them upon the trial of this case."

The plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense; but the court below after argument discharged the rule, and this was assigned as error.

*J. Campbell Lancaster,* for plaintiff in error.—The contract is contained in the relief fund certificate, which is in effect a policy of insurance, and no by-law of the association can alter or affect its terms. Fire Ins. Co. v. Connor, 17 Pa. 136; Rosenberger v. Washington Mut. F. Ins. Co. 87 Pa. 207; Kingsley v. New England Mut. F. Ins. Co. 8 Cush. 393; Girard L. Ins. Annuity & T. Co. v. New York Mutual L. Ins. Co. 97 Pa. 15; Mutual Acci. & L. Asso. v. Kayser, 14 W. N. C. 86.

The fact that this organization is called an order, and not a mutual insurance association, can make no difference. Its actual character is apparent, and it is in its capacity as an insurance company that we are now dealing with it, and the laws relative to insurance companies are applicable to it rather than those relating to the internal regulations of corporations. Dolan v. Court Good Samaritan, No. 5,910, 128 Mass. 437; Elkhart Mut. Aid, Benev. & Relief Asso. v. Houghton, 98 Ind. 149, and Supreme Lodge, K. of P. v. Schmidt, 98 Ind. 374.

Agreements tending to oust the jurisdiction of the courts will not be enforced. Rea's Appeal, 13 W. N. C. 546; Gray v. Wilson, 4 Watts, 41; Mentz v. Armenia F. Ins. Co. 79 Pa. 478, 21 Am. Rep. 80.

The rule that the courts will not interfere with disputes in such associations, but will confine the parties litigant to a recourse to the remedies provided within the associations and by

its laws, applies only where the rights of property are not involved. The distinction is recognized in Bauer's Appeal, 5 W. N. C. 485; and Sperry's Appeal, 116 Pa. 391, 9 Atl. 478. See also Austin v. Searing, 16 N. Y. 112, 69 Am. Dec. 655; Lloyd v. Loaring, 6 Ves. Jr. 773; and Heath v. Gold Exchange, 7 Abb. Pr. N. S. 251.

The act of May 11, 1881, P. L. 20, relating to life and fire insurance policies, provides that "all life and fire insurance policies upon the lives or property of persons within this commonwealth, whether issued by companies organized under the laws of this state, or by foreign companies doing business therein, which contain any reference to the application of the insured, or the constitution, by-laws, or other rules of the company, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policies correct copies of the application, as signed by the applicant, and the by-laws referred to; and unless so attached and accompanying the policy, no such application, constitution, or by-laws shall be received in evidence in any controversy between the parties to, or interested in, the said policy; nor shall such application or by-laws be considered a part of the policy or contract between such parties."

There is no dispute about the fact that the application and by-laws, by which it is sought to effect and interpret the contract, were neither attached to nor accompanied the policy issued to the plaintiff. The certificate is a life insurance policy.

Life insurance is "an insurance of a life upon the payment of a premium. This may be for the whole life or a limited time." Bouvier, Law Dict.

The certificate makes provision for the insured for an absolute period of seven years, if he live; for his heirs, if he die; and for the insured in the event of his illness.

It therefore, although mutual, resembles those ordinary insurance companies which insure on the endowment plan, and pay a sum either at the death of the insured or at the end of an absolute term.

It differs from those only because it contains additional features, which, however, detract in no manner from its nature as an insurance company. National Mut. Aid Soc. v. Lupold, 101 Pa. 111; May, Ins. p. 843, par. 550 (a); Com. v. Wetherbee, 105 Mass. 161; Golden Rule v. People, 118 Ill. 492, 9 N. E.

342; Presbyterian Mut. Assur. Fund v. Allen, 106 Ind. 593, 7 N. E. 317; State *ex rel.* Graham v. Miller, 66 Iowa, 26, 23 N. W. 241; Endowment & Benev. Asso. v. State, 35 Kan. 253, 10 Pac. 872; Briggs v. McCullough, 36 Cal. 542; Carter v. John Hancock Mut. L. Ins. Co. 127 Mass. 153; Bliss, Life Ins. par. 6; State *ex rel.* Atty. Gen. v. Farmers' & M. Mut. Benev. Asso. 18 Neb. 276, 25 N. W. 81; Bauer v. Samaon Lodge, K. of P. 102 Ind. 267, 1 N. E. 571; Mutual Acci. & Life Asso. v. Kayser, 14 W. N. C. 86.

*J. Douglas Brown, Alfred I. Phillips, Hampton L. Carson,* and *J. Levering Jones,* for defendant in error.—The application of the plaintiff to the courts is premature. Poultney v. Bachman, 31 Hun, 49; Lafond v. Deems, 81 N. Y. 508; Osceola Tribe, No. 11, I. O. of R. M. v. Schmidt, 57 Md. 98; Chamberlain v. Lincoln, 129 Mass. 70; Harrington v. Workingmen's Benev. Asso. 70 Ga. 340; Sperry's Appeal, 116 Pa. 391, 9 Atl. 478; Morawetz, Priv. Corp. § 491.

When a party takes out a policy in a mutual insurance company, and the contract is complete, he becomes a member and is bound by the rules and provisions of the charter and the by-laws of the company, and he is presumed to have knowledge of them all. Mitchell v. Lycoming Mut. Ins. Co. 51 Pa. 402; Simeral v. Dubuque Mut. F. Ins. Co. 18 Iowa, 319; Coles v. Iowa State Mut. Ins. Co. 18 Iowa, 425; Walsh v. Ætna L. Ins. Co. 30 Iowa, 133, 6 Am. Rep. 664; May, Ins. 2d ed. § 552.

The same rules of law apply to fraternities and societies, whether incorporated or unincorporated. Hirschel, Fraternities & Societies, p. 38; Osceola Tribe, No. 11, I. O. of R. M. v. Schmidt, 57 Md. 98; Anacosta Tribe, No. 12, I. O. of R. M. v. Murbach, 13 Md. 94, 71 Am. Dec. 625.

Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered; and those who have grievances should be required, in the first instance, to resort to the remedies for redress provided by their rules and regulations. Lafond v. Deems, 81 N. Y. 514; Bauer v. Samaon Lodge, K. of P. 102 Ind. 267, 1 N. E. 571; Black & White-Smith's Soc. v. Vandyke, 2 Whart. 309, 30 Am. Dec. 363; Osceola Tribe, No. 11, I. O. of R. M. v. Schmidt, 57 Md. 98; Harrington v. Workingmen's Benev. Asso. 70 Ga. 340; Poultney v.

Bachman, 31 Hun, 49; Toram v. Howard Beneficial Asso. 4 Pa. 519; Anacosta Tribe, No. 12, I. O. of R. M.,v. Murbach, 13 Md. 91, 71 Am. Dec. 625; Dolan v. Court Good Samaritan No. 5,910, 128 Mass. 437; Supreme Council, O. of C. F. v. Garrigus, 104 Ind. 136, 54 Am. Rep. 298, 3 N. E. 818; Com. ex rel. Bryan v. Pike Beneficial Soc. 8 Watts & S. 247; Society for Visitation of Sick v. Com. 52 Pa. 125, 91 Am. Dec. 139; Leech v. Harris, 2 Brewst. (Pa.) 571; Powell v. Abbott, 9 W. N. C. 231; Moxey's Appeal, 9 W. N. C. 441; Sperry's Appeal, 116 Pa. 391, 9 Atl. 478.

The application for membership is a part of the certificate sued on. Supreme Council, R. T. of T. v. Curd, 111 Ill. 284.

The St. Louis court of criminal correction, in Missouri v. Cooper, has decided that the Supreme Sitting of the Order of the Iron Hall is not an insurance company. The certificate, therefore, is not within the purview of the act of May 11, 1881. It is much more like a contract with a savings or investment society than with a life insurance company. The idea of life insurance is that somebody else is to be compensated for the pecuniary loss suffered through the death of the insured. Porter, Insurance, p. 17; May, Ins. § 7; Scott v. Dickson, 108 Pa. 6, 56 Am. Rep. 192.

The idea here is benefit to the individual member.

Every definition of life insurance that can be found involves the idea of death. Life insurance is a mere contract to pay a certain sum of money on the death of a person, in consideration of a certain annuity for his life or a shorter period, the amount of the annuity being calculated, in the first instance, according to the probable duration of the life; and when once fixed, it is constant and invariable. Dalby v. India & L. Life Assur. Co. 15 C. B. 365; Briggs v. McCullough, 36 Cal. 542.

The precise question whether such a certificate as that involved in this case is a policy of life insurance has arisen but seldom; never, so far as counsel have been able to discover, except in case of a contract by which a sum of money, much greater than the sum paid in, was to be payable upon the death of the holder to the properly designated beneficiaries. Those cases, therefore, were obviously much stronger than this; but in every one the decision was that the certificate issued by one of these beneficial societies was not a policy of life insurance. Masonic Mut. Ben. Soc. v. Burkhart, 110 Ind. 189, 10 N. E.

79, 11 N. E. 449; Saunders v. Robinson, 144 Mass. 306, 10 N. E. 815.

The act of 1881 applies to all life and fire insurance policies, upon the lives or property of persons within this commonwealth, whether issued by companies organized under the laws of this state, or by foreign companies doing business therein. The defendant in error is not one of the companies contemplated by the act. Com. v. National Mut. Aid Asso. 94 Pa. 481; State ex rel. Atty. Gen. v. Mutual Protection Asso. 26 Ohio St. 19; National Mut. Aid Soc. v. Lupold, 101 Pa. 111.

PER CURIAM:

Under the affidavit of defense filed in this case, the court could not have given judgment for the plaintiff, inasmuch as if on the trial the facts therein set forth are proved to be true, the defendant will be entitled to a verdict. We have often held that a member of a beneficial society must resort, for the correction of an alleged wrong, to the tribunals of his order, and that the judgment of such tribunals, when resulting fairly from the application of the rules of the society, is final and conclusive.

Judgment affirmed and *procedendo* awarded.