BENJAMIN F. SPILMAN *vs.* SUPREME COUNCIL OF THE
HOME CIRCLE.

Suffolk.    May 31, 1892. — September 9, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Expulsion of Member of an Order — Laws and Rules of Supreme Council —
Sufficiency of Charges — Mandamus.*

A person who, in becoming a member of an order, one of whose purposes is the
establishment of a benefit fund for the family, orphans, or dependents of
deceased members, submits himself to the jurisdiction of the body, cannot, after
his expulsion in accordance with the laws, rules, and usages of the order bring
a petition for a writ of mandamus to compel the Supreme Council to restore
him to membership.

Where the Supreme Council of a body has original jurisdiction in all cases of
its own officers and members, but no mode of procedure is specified for their
trial, it may adopt such mode of trial as it pleases, subject only to the implied
limitation that it must be fair.

The trial of a member of the Supreme Council of an order was conducted accord-
ing to its laws and rules, with such substantial fairness as the nature of the case
would admit of. Charges with specifications in writing, sufficiently minute and
specific to give him notice of the ground of complaint, were preferred against him,
and he had an opportunity to be heard upon them. A committee appointed by
the Supreme Council heard the evidence, recommended the plaintiff's expulsion,
and the Supreme Council voted to expel him. *Held,* on a petition for a writ of
mandamus to compel the Supreme Council to restore him to membership in the
order, that no inference of unfairness could be drawn from the terms of the
report of the committee or from its recommendations of expulsion, and that
the charges were sufficient in form within the meaning of the laws, in that they
stated clearly the accusation, although not in technical terms.

PETITION for a writ of mandamus to compel the respondent
to restore the petitioner to all his rights and privileges as a
member of the order of the Home Circle.

Hearing before *Holmes,* J., who reserved the case for the con-
sideration of the full court. The facts appear in the opinion.

*J. W. Keith,* for the petitioner.

*V. J. Loring,* for the respondent.

ALLEN, J. In becoming a member of the order of the Home
Circle, the plaintiff submitted himself to the jurisdiction of that
body, and consented to accept liability to expulsion, in accord-
ance with the laws, rules and usages of the order, as one of the
incidents of membership. In his original application, he agreed

to conform in all respects to the laws, rules and usages then in force, or which might thereafter be adopted, and also that his expulsion from the order should forfeit the rights of himself and his family or dependents to all benefits and privileges therein. The benefit certificate which he received as a member of a council of the order expressed upon its face that it was issued upon the condition that he should comply in the future with the laws, rules and regulations then governing the said council and fund, or that might thereafter be enacted by the Supreme Council to govern said council and fund; and the benefit promised was subject to the provision that he should be in good standing in the order at the time of his death. We have therefore only to inquire whether his expulsion was regular and in accordance with the laws, rules and usages of the order. If so, his petition for a writ of mandamus must be denied. *Grosvenor* v. *United Society of Believers*, 118 Mass. 78. *Karcher* v. *Knights of Honor*, 137 Mass. 368. *Burbank* v. *Boston Police Relief Association*, 144 Mass. 434. *Society for Visitation of Sick* v. *Commonwealth*, 52 Penn. St. 125.

There appear to be three grades or divisions of membership in the order, besides memberships at large, namely, the Subordinate Council, the Grand Council, and the Supreme Council. There is an elaborate code of laws. Section three of law eleven provides that any officer or member of the Supreme Council, or of any grand or subordinate council, or any member at large, may be expelled for certain specified causes. Section four says, "The mode of procedure in the above cases shall be as follows:" and this is followed by provisions applicable to officers and members of grand and subordinate councils, without including in terms officers or members of the Supreme Council. These provisions are found in sections four to eight. Section nine says, "The jurisdiction of the Supreme Council in the trial of cases, the mode of procedure which is hereinbefore in this law set forth, [*sic*] is original, and is in addition to the appellate jurisdiction exercised in cases of trials by the grand and subordinate councils; . . . but the Supreme Council shall have original jurisdiction in all cases of its own officers and members." The plaintiff was first a member of a subordinate council, then of a grand council, and finally the supreme guide of the Home Circle, and in the latter capacity

was an officer of the Supreme Council. The supreme leader filed charges against him as an officer of the Supreme Council. These charges were addressed to the officers and members of the Supreme Council, and the Supreme Council voted to have a committee to hear the evidence, and report the same with their findings and recommendations to the Supreme Council. The committee did this, and recommended the plaintiff's expulsion, and the Supreme Council voted to expel him. It is conceded that the mode pursued did not conform to the mode of procedure provided in section four for the trial of charges against officers and members of grand and subordinate councils, and if that method is also required in cases of charges against officers or members of the Supreme Council then the expulsion was irregular, and the plaintiff should be reinstated. But upon an examination of the laws and rules it seems to us that it was not intended to make these provisions applicable to charges against an officer or member of the Supreme Council. By the constitution of the Supreme Council, this body had power to make its own constitution, rules of discipline, and laws for the government of the order; it was the body to which all appeals were to be made on all matters of importance emanating from grand and subordinate councils; it had power to alter or amend the constitutions of grand and subordinate councils, and the laws of the Supreme Council; it was in short a body of the highest and apparently unrestricted authority. The trial of members or officers of grand or subordinate councils might be had before a special committee of one or more members of the order named by the supreme leader. This committee need not consist of members of the Supreme Council. The Supreme Council was a body whose will was a law unto itself. It was to have original jurisdiction in all cases of its own officers and members; but no mode of procedure was specified for their trial. It would seem therefore that it might adopt such mode of trial as it pleased, subject only to the implied limitation that it must be fair. *Gray* v. *Christian Society*, 137 Mass. 329.

In the present case, there is no reason to doubt that the plaintiff's trial was conducted with such substantial fairness as the nature of the case would admit of. Charges in writing were preferred against him, and he had an opportunity to be heard upon them. No inference of unfairness can be drawn from the terms

of the report of the committee, or from its recommendation of expulsion. Assuming the plaintiff's guilt, these were not unreasonable, though naturally distasteful to himself.

The plaintiff however contends that the charges against him were insufficient in form. But it was expressly provided in section five of law eleven that the charges shall be sufficient if they state clearly the accusation, although not in technical terms. Taking the charges and specifications together, they appear to have been sufficiently minute and specific to give him notice of the ground of complaint against him.*

On the whole, the expulsion of the plaintiff appears to have been regular and valid, according to the laws and usages to which he had voluntarily submitted himself.

*Petition dismissed.*

---

* The plaintiff was charged by the Supreme Leader:

" First. With having neglected his duties as a member of the Order and as Supreme Guide.

" Second. With conduct unbecoming a member of the Order.

" Third. With the violation of his obligation as a member of and officer of the Order."

The specifications of these charges were:

" First. That he has endeavored to divert the allegiance of members of this Order to other organizations.

" Second. That he has endeavored to disrupt a council of this Order and persuade its members to aid in the creation of a new order.

" Third. That he has stated that he was improperly influenced by the Supreme Council in his vote as a member thereof.

" Fourth. That his said conduct and acts and other conduct and acts have been prejudicial to the welfare, safety, harmony, and existence of the Order.

" Fifth. That after the order removing him from the office of Grand Secretary of the Grand Council of Massachusetts, and to turn over the property to his successor, he refused to cease to act as such officer and turn over the property."

The trial committee reported through its chairman as follows:

" Upon the charge of having neglected his duty as a member of the Order and as Supreme Guide, Guilty. Upon the charge of conduct unbecoming a member of the Order, guilty. Upon the charge of violating his obligation as a member and officer of the Order, Guilty. In view of this finding, the committee recommend as a penalty, expulsion from the Order."