DELAWARE LODGE No. 1, I. O. O. F., d. b. a., *vs.* GEORGE ALLMON, p. b. r.

*Beneficial Societies—Practice—Evidence—Non-suit Refused.*

(*December 15, 1897.*)

1. The mere fact that a juror is a member of the Independent Order of Odd Fellows does not disqualify him from sitting in a case where a subordinate Lodge of said order is a party to the suit; such disqualification to sit being confined to members of the particular Lodge concerned in the suit.

2. The testimony of judicial officers, such as Judges of Municipal Courts and Justices of the Peace, as to trials and proceedings had before them, is excluded on the ground of public policy.

3. In an action against a Lodge of Odd Fellows for sick benefits, the Constitution and By-Laws of the society constitute the contract between the parties; and the plaintiff can recover only by showing compliance with the provisions thereof. Where the Constitution or By-Laws of the society provide that the right of a member to benefits shall be ascertained in a particular mode, that mode must be pursued before he can enforce his supposed rights in courts; unless by the action of the society he is prevented from taking such a course.

4. If a member is prevented from pursuing and exhausting his remedies within the Lodge, the latter cannot set up its own unlawful act as a bar to such member's recovery.

5. Where the plaintiff claims as an excuse for not pursuing his remedies in the lodges, that the matter was referred to, heard and determined by the Lodge *ex parte*, and without notice to him, and that he was thereby unlawfully prevented from proceeding in the Lodge according to the Constitution and By-Laws, that fact must be proved by a preponderance of the evidence to the satisfaction of the jury, or the plaintiff cannot recover. The report of the Relief Committee that they had declared the plaintiff off the sick-benefit list, and the mere acceptance or adoption of such report by the Lodge, would not in law amount to such a reference, hearing and determination.

6. If the jury believe from the evidence that the plaintiff received notice that he had been declared no longer entitled to sick benefits, then it was his duty to apply to the Lodge for a hearing, and if he did not do so, he cannot maintain his action.

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert G. Harman and Horace Greeley Knowles* for plaintiff below.

*William S. Hilles* for defendant below.

Superior Court, New Castle County, November Term, 1897.

ACTION OF ASSUMPSIT (No. 142 to May T. 1896,) to recover $81.00, balance due, as alleged by the plaintiff, for sick benefits, from the defendant corporation.

The usual pleas were filed by the defendant and five special pleas, and special replications filed by the plaintiff.

Before the jury was empanelled Mr. Knowles, on behalf of the plaintiff, asked the Court to excuse for cause from serving upon the jury any member of a lodge of Odd Fellows who might be called. This the Court refused to do, but limited such disqualification to serve upon the jury to members of the defendant Lodge.

At the trial it was proved on the part of the plaintiff that he was a member in good standing of the defendant Lodge, that up to and for some time prior to October 14th, 1895, he had been receiving sick benefits from the Lodge but that on that date while he was still sick and under the Doctor's care, payments to him were stopped, upon the report of the members of the Relief Committee to the Lodge that in their judgement he was not sick enough to entitle him to benefits; that he was informed by a member of the Lodge, delegated to come to him and speak for the Lodge, that they had held a meeting and decided that he was no longer entitled to sick benefits, assigning the reason of the Lodge for so doing and telling the plaintiff he hoped he would not bring suit over the affair and that he would go to the Lodge and see if he could not have the matter opened up for him; that thereafter the plaintiff wrote two letters to the Lodge asking what they had done in the matter or what they were going to do, and received no reply.

The plaintiff claimed that he had no notice of the meeting of the Lodge at which his name was stricken from the sick list; that the hearing was therefore an illegal one.

The defendant contended that there was no hearing of any kind. The only action ever taken by the Lodge was merely the passing of a resolution to accept the weekly report of the Relief Committee made to the Lodge at the regular meeting, in which report the Relief Committee said that they considered the plaintiff no longer entitled to benefits.

*Mr. Harman* offered to produce John. A. Kelley, the Justice

of the Peace before whom the case was tried below, to prove certain statements that were made by the defendant Lodge at said hearing; stating that while he was aware that it had been ruled that a magistrate or other judicial officer could not be compelled to take the witness stand under such circumstances, on the ground of public policy, yet that if he desired to do so it had been permitted by the Court.

LORE, C. J:—This matter has been up before the Court recently and we have ruled such witnesses out on the ground of public policy, broadly.

The plaintiff's counsel excepted to the above ruling.

When the plaintiff below had rested, Mr. Hilles, for the defendant, moved for a non suit; because he contended that the plaintiff by his own testimony had clearly shown that under the constitution and by-laws of the Grand Lodge of Delaware and of Delaware Lodge No. 1, I. O. O. F:, he had not put himself in the position to maintain his action in Court.

The Court held the matter under advisement over night, and upon the re-assembling of Court the next day rendered the following decision:

LORE, C. J:—After due consideration of the motion for a non suit in the case now on trial, the Court are of the opinion that the non suit ought to be refused; the points raised can be very properly considered in our charge to the jury.

### PLAINTIFFS' PRAYERS.

The plaintiff below prayed as follows:

*First.* If the Lodge held a meeting without notice to Mr. Allmon, and, without giving him a hearing, decided he was not entitled to sick benefits; or, if it was guilty of any act refusing, hindering or delaying Mr. Allmon in taking an appeal if he so desired; or, if it wrongfully broke its contracts with Mr. Allmon, —then he was justified at once in invoking the assistance of the Courts. *Bacon on Ben. Soc. Sec. 107 and cases 102; Sup. Council Chosen Friends vs. Forsinger, 125 Ind., 58; Reed vs. P., W. & B. R. R., 3 Houst., 204.*

(a.) A "hearing" means the right to be present and "have counsel and an opportunity to question witnesses and

offer evidence in one's behalf. *Bacon on Ben. Soc. Sec. 102–164; Murdock vs. Phillip's Academy, 12 Pickering, 244; 31 Mich. 464 and cases; 137 Mass., 331.*

(b.) And no usage can deprive one of his right to be present and have a hearing; nor "justify the hearing of one party and his witnesses only in the absence of and without notice to the other party": *Bacon on Ben. Societies, Sec. 102—164; Oswald vs. Earl Gray, 24 L. J. Q. B., 69; Plews vs. Middleton, 6th A. & E. N. S., 845. or 14 L. J. Q. B., 139.*

*Second,* If Mr. Allmon was notified by any person sent, or authorized to be sent, by the Lodge that it had acted upon his case, and decided that he was no longer entitled to benefits, then Mr. Allmon, if he received no notice and was given no hearing, was justified in immediately resorting to the Courts for legal redress; or, if Mr. Allmon was made to believe from any acts or declarations of any officer, member or agent of said Lodge, that the Lodge had acted upon his case and decided that he was no longer entitled to benefits (though not expressly authorized by the Lodge so to do in this particular instance) and the said officer, member or agent by general custom, or by the constitution and by-laws of said Lodge, was invested with general authority to so act or so speak, then Mr. Allmon, if he received no notice and was given no hearing, was justified in immediately resorting to the Courts for legal redress. "*Qui facit per alium facit per se.*" *Bacon Ben. Soc. Secs. 459; 125, to p. 204; 133 and 151.*

### DEFENDANT'S PRAYERS.

The defendant below prayed as follows:

*First.* That the Court instruct the Jury to find for the defendant below.

*Second.* If the Jury shall believe from the evidence that George Allmon was notified that he had been declared by the Relief Committee or by the Lodge no longer entitled to benefits, it was his duty to apply to the Lodge for a hearing and to have the matter there determined; and if he did not do so, he cannot maintain this action.

*Third.* It was the duty of the plaintiff to exhaust all of the remedies provided by the constitution and by-laws of the Order to which he belonged, and until he has so exhausted these remedies he cannot maintain an action at law.

*Black &c. vs. Vandyke, 2 Whart., 309; VanPoucke vs. Netherland &c. Society, 29 N. W. Rep., 863; Anacosta Tribe vs. Murbank, 13 Md., 91; McAllis vs. Supreme Sitting &c., 13 Atl. Rep., 755; Toran vs. Benefit Society, 4 Pa. St., 519; Oscaloosa Tribe vs. Schmidt, 57 Md., 98; Grosvenor vs. United Society, 11, Mass., 78; 90.*

*Livy vs. I. O. O. F., 110 Cal., 297; Karcher vs. Sup. Lodge, 137 Mass., 368; 372; Spilllman vs. Supreme Council, 157 Mass. 128; Crumlish vs. Wilmington & Western R. R. Co., 5 Del. Chan. Reps., 270; Rood vs. Passenger & Freight Conductor's Mut. Ben. Assn., 31 Federal, 62.*

LORE, C. J., charging the Jury:

Gentlemen of the Jury:—In this action George Allmon the plaintiff, seeks to recover from the Delaware Lodge No. 1, I. O. O. F., the corporation defendant, a balance of $81.00 for sick benefits, which he claims is due to him under the constitution and by-laws of the society, for the period of time from October 14th, 1895, to March 6th, 1896.

It is conceded, that the plaintiff's right to recover depends upon the constitution and by-laws of the society. They constitute the contract between the parties and govern the case. By them each party is bound. The plaintiff can recover only by showing compliance with the provisions thereof. Where the constitution or by-laws of the society, provide that the right of a member to benefits shall be ascertained in a particular mode, that mode must be pursued before he can enforce his supposed right in the courts; unless by the action of the society he is prevented from taking such a course.

This rule is founded both on the authority of well considered cases and upon reason.

If a member was permitted to refuse or neglect to establish his right to benefits by the methods provided by the rules of the society, the operations of such societies would be thrown into

confusion, their usefulness impaired and the courts would be burdened by a multitude of suits about contentions which should have been settled elsewhere.

It seems that under the report of the Relief Committee of the society, the plaintiff had been receiving sick benefits for some weeks theretofore, up to October 14th, 1895. He claims that the sum so paid amounted to thirty dollars. The society claims it amounted to fifty dollars. At that date, upon the report of the Relief Committee, the payment of sick dues to the plaintiff was stopped.

Section 6 of Article 3 of the constitution of the society provides that should any dispute arise between the Relief Committee and the brother as to sick benefits, the matter should be referred to the Lodge for its decision. Should the decision of the Lodge be adverse to the member, the constitution provides a further remedy by an appeal to the Grand Lodge of Delaware.

It is conceded by the counsel for the plaintiff, that it was the duty of the plaintiff to pursue his remedy in the subordinate and Grand Lodges; and that he has no standing in this Court unless he was prevented from so doing by the unlawful act or proceeding of the Lodge itself.

We say to you that that is the law. The plaintiff was bound to exhaust his remedy under the constitution and by-laws within the lodges: and if he failed so to do, he cannot recover in this action unless he was unlawfully prevented from pursuing such remedy by the lodges themselves.

You will note that this case is thus brought within very narrow limits; that is, the solution of this one question: was the plaintiff prevented from pursuing and exhausting his remedies within the lodges by any unlawful action of the Delaware Lodge, which was a subordinate lodge? If the plaintiff was so unlawfully prevented, the Lodge cannot set up its own unlawful act as a bar to the plaintiff's recovery. This would be permitting a person to take advantage of his own wrong, which the law will never suffer.

The claim is that the matter was referred to, heard and determined by the lodge *ex parte*, and without notice to the plaintiff, and that he thereby was unlawfully prevented from proceeding

in the lodge according to the constitution and bylaws. This being the excuse of the plaintiff for not pursuing his remedies in the lodges, it must be proved by a preponderance of the evidence in this case to your satisfaction, or the plaintiff cannot recover.

Such a reference and determination by the lodge means something. It means a dispute, raised between the relief committee and the member, which is referred to the lodge for settlement, which matter is heard and determined by the lodge. It is for you to say whether any such reference of a dispute was ever made to the lodge, either by the plaintiff or by the Relief Committee. If there was no such reference, hearing and determination by the lodge, the plaintiff cannot recover. The report of the relief committee that they had declared the plaintiff off the sick benefit list, and the mere acceptance or adoption of such report by the lodge would not in law amount to such a reference, hearing and determination.

If the jury shall believe from the evidence that the plaintiff received notice that he had been declared no longer entitled to sick benefits, then it was his duty to apply to the lodge for a hearing, and if he did not do so, he cannot maintain his action.

Verdict for defendant below.