Strafford,
June 27, 1914.

### GEORGE H. YEATON & a. v. SOMERSWORTH GRANGE & a.

Where the question whether a by-law has become a dead letter in consequence
of its non-observance has been finally determined by the regularly constituted
tribunals of a secret order, it is not ordinarily reëxamined by the court.

A by-law imposed by the State Grange upon all subordinate bodies and designed
to formulate jurisdictional rules for the admission of members cannot be in-
directly repealed by a local branch, by a series of violations of its provisions.

The fact that some members of the State Grange were chargeable with knowledge
that a by-law of the order had not always been observed by some subordinate
granges in a certain section does not authorize the inference of waiver or repeal
by the superior body.

A by-law of the State Grange, providing in effect that if a subordinate grange shall
inadvertently or by mistake admit a member residing outside its jurisdiction
such election shall not be illegal, refers to an honest mistake as to the domicile
of an applicant and not to the erroneous assumption that a rule of the order
defining the eligibility of a candidate had become a dead letter through non-
observance.

BILL IN EQUITY, praying that the Somersworth Grange be en-
joined from refusing the plaintiffs admission to its hall and from
depriving them of the privileges and benefits enjoyed by members
of the organization in good standing. Trial at the September term,
1913, of the superior court before *Young*, J.

The plaintiffs while residents of Rollinsford applied for member-
ship in the Somersworth Grange, one of the defendants, and being
declared eligible by the master of that grange, they were thereupon
elected and took the first two degrees of the order. This proceed-
ing was in violation of a by-law of the order legally adopted by the
State Grange and imposed upon the subordinate granges in their
admission of members, which provided that in such a case the Rol-
linsford Grange should be notified and its consent obtained; but
the court found that the by-law had not been observed in many
instances by granges in the vicinity of Somersworth, and that for
that reason it had become a dead letter. As soon as the Rollins-
ford Grange learned that the plaintiffs had been admitted to the
Somersworth Grange, it entered a complaint with the master of
the State Grange, who upon a hearing ruled that the plaintiffs had
not been admitted in accordance with the rules of the order and
dismissed the complaint. The Somersworth Grange appealed from

the decision to the State Grange, and from its decision to the National Grange. Both of these organizations sustained the finding of the master of the State Grange. The question whether the plaintiffs became members through "inadvertence or mistake," within the meaning of another provision of the by-laws, was not decided upon the appeals; but the court ruled that if the by-law as to jurisdiction was in full force and effect, nevertheless the plaintiffs became members through inadvertence and mistake as to the meaning and effect of that by-law. To these findings and rulings the defendants excepted.

*Elmer J. Smart* (by brief and orally), for the plaintiffs.

*Harry W. Spaulding* and *Robert L. Manning* (both by brief and orally), for the defendants.

WALKER, J. In the "By-laws of the New Hampshire State Grange" (*p.* 29) it is provided that "when a grange [*i. e.*, a subordinate grange] receives an application for membership from a candidate residing within the jurisdiction of another grange, it should be laid upon the table, and no further action be taken upon it until the consent of the grange having jurisdiction is obtained"; also, that "complaints for infringement of jurisdiction must be made to the master of the State Grange within sixty days after the initiation of the candidate." The former by-law was not observed when the plaintiffs' applications were received by the Somersworth Grange. The proceedings upon the applications were the same as are observed when an applicant is within the territorial limits of the grange he desires to join. The master of the grange declared them to be eligible, and they were elected at the first meeting and took the first two degrees. In this situation the question arises, whether they were admitted to membership in the Somersworth Grange, in apparent violation and repudiation of the rule or by-law in regard to jurisdiction. Their contention is that this by-law had become a "dead letter" in consequence of a custom that had grown up in that vicinity of disregarding its provisions in such cases; that is, that its non-observance in many former cases occurring in granges in the vicinity of Somersworth had deprived it of its validity, and that the jurisdictional test of eligibility to membership had been waived. The question thus presented having been finally determined by the regular tribunals of the order adversely to this con-

tention, upon the appeal of the Rollinsford Grange against the Somersworth Grange, would not ordinarily be reëxamined in this court. "The preponderance of authority is in favor of the doctrine that as to all questions of policy, discipline, internal government, and custom, the legal tribunals must accept as binding the decision of the regularly constituted judicatories of the church, fraternity, association, or society." 1 Bac. Ben. Soc., *s.* 68. See, also, *Spilman* v. *Home Circle*, 157 Mass. 128; *Connelly* v. *Association*, 58 Conn. 552; *Zeliff* v. *Knights of Pythias*, 53 N. J. Law 536; *People* v. *Board of Trade*, 80 Ill. 134; *State* v. *Grand Lodge* 8 Mo. App. 148; *Watson* v. *Jones*, 13 Wall. 679; 24 Am. Law Rev. 556.

But it is urged in argument by the plaintiffs that as they were not technically parties to the proceedings upon appeal, they are not bound by the decision, which in effect was based upon a ruling that they were not members of the Somersworth Grange, never having been legally admitted as such; and that no procedure is provided by which they can bring the question of their membership before the grange for adjudication. It might be a sufficient answer to this contention to say that when they applied for membership they impliedly agreed to be bound by the rules of the order, and that they are bound by the adjudication upon their membership rights in the contest between the two granges. But however this may be, an examination of the facts leads to the same conclusion as that reached by the tribunals of the order.

The plaintiffs' argument based upon a custom to disregard a positive by-law in regard to the admission of members in subordinate granges, if otherwise sound, overlooks the essential fact that the by-law in question is not a regulation adopted by the Somersworth Grange, but one imposed upon it and all other subordinate granges in the state by the superior authority of the State Grange. It could not modify or repeal it, nor could it accomplish that purpose indirectly by a series of violations of its provisions. Whatever effect its continued non-observance of a rule adopted by it might have, it is clear that it could not of its own motion, through the acts of its master, declare an applicant for membership eligible in violation of a rule formulated by the state organization and made obligatory and binding upon the local branches in their admission of new members. It is true that in such a case, if the member living in another jurisdiction was formally admitted without a compliance with the rule, his *status* as a member might become established, if no complaint was interposed by the grange in whose territorial

limits he lived, within sixty days after his initiation.    But his right
to membership would at most be conditional during that period;
it might upon complaint be determined, in accordance with the pro-
cedure and rules of the order, that he did not become a member,
and such was the result with reference to the  plaintiffs upon the
complaint of  the  Rollinsford  Grange  against  the  Somersworth
Grange.    If they had been parties to that proceeding in a technical
sense, they would undoubtedly have been bound by the final decree
or order.    Whether they are so bound need not be  considered; for
by that decision, upon appeal to the highest tribunal of the order,
it has been held that the by-law in question was in full force when
they applied for admission, and that the action of the Somersworth
Grange in admitting them was void.    This interpretation of the
by-law is at least an authority to be considered by the court in this
case, as indicating with some force what the by-law means and
what the effect is of its violation.    It is not necessary to hold  that
it is a conclusive authority, for it seems to coincide with the views
of the court above expressed.

The fact that some of  the officers of the State Grange knew, or
were chargeable with knowledge, that the by-law in question had
not always been observed by some of the subordinate granges in
the vicinity of Somersworth does not authorize the inference that
the State Grange, that established the by-law, had waived or re-
pealed it.    It would be a novel doctrine that knowledge on the part
of those charged with the enforcement of  a law that it has been
violated in some instances, unaccompanied with any attempt to
enforce it, is evidence that the law is of no legal force.    There is no
evidence that by any act of the State Grange this by-law had been
repealed or invalidated.

But it is urged that if the by-law was in force they were admitted
by inadvertence and mistake, within the meaning of another by-law
which provides that "should a grange, inadvertently or by mistake,
initiate a member from the jurisdiction of another grange without
the consent of such grange, it shall pay the injured grange all the
initiatory fees, except what goes to the State Grange."    It is found
as a fact that this point was not raised or considered by the State
Grange upon the appeal, and it does not appear to have been deter-
mined by the order in any case.    The only mistake suggested is in
the assumption of the plaintiffs and of the Somersworth Grange
that the by-law relating to jurisdiction was a "dead letter."    Al-
though it is found as a fact that they all entertained this idea in

good faith, it does not follow that the legal efficacy of the by-law, as applied to them, was thereby abrogated. The evident purpose of the by-law was to make an honest mistake by a subordinate grange as to the residence of the candidate ineffectual to render his admission illegal. It was not intended that a mistake as to the force and validity of a by-law, or an erroneous assumption that a rule of the order defining the eligibility of a candidate was of no consequence, should have the same effect as a careful compliance with the rule. The honest, but mistaken, opinion of a subordinate grange that a rule prescribed by the State Grange relating to the admission of members, not formally repealed or modified by the superior body, was not intended to have the force and effect of law in the particular cases in which it might be applied, does not render its non-observance an immaterial circumstance. If there was a mistake of fact as to the jurisdictional line between two granges, or as to the actual domicile of the applicant, whether within or without that line, the by-law prescribes, in effect, that his initiation does not become void upon the discovery of the fact that he lived without the jurisdiction. The previous rule prescribing a jurisdictional test of the eligibility of the applicants does not apply in such a case. But the finding of the court that the mistake or inadvertence related, not to the fact of the actual residences of the plaintiffs, but to the validity of a material by-law, is not sufficient to relieve the plaintiffs from the consequences of a violation of the by-law when they sought admission to the order. Such a result would be contrary to the evident intention expressed by the language of the by-law. It is not to be presumed the rule as to the eligibility of candidates was not to apply when there should be a mistaken belief by the parties that it was not in force. Such an assumption is absurd. The mistake suggested and relied upon by the plaintiffs was a mere mistake of law. They erroneously supposed that the by-law was meaningless, but they are not thereby authorized to profit by their error of judgment. *Evans* v. *Gale*, 17 N. H. 573, 575; *Bradley* v. *Laconia*, 66 N. H. 269; *Strafford Savings Bank* v. *Church*, 69 N. H. 582; *State* v. *Goodenow*, 65 Me. 30; *People* v. *Powell*, 63 N. Y. 88, 92.

Moreover, by applying for admission to the grange the plaintiffs in effect agreed that their eligibility should be determined by its existing rules and in accordance with the prescribed procedure. If the rule in regard to mistake and inadvertence is deemed to be a part of the contract relation to which the plaintiffs assented, its interpretation does not differ from what it is when viewed as a *quasi*

legislative provision. The question is still one of intention to be ascertained from the language employed in its application to the subject-matter. No different test is required, and no different result is reached. The plaintiffs did not become members of the Somersworth Grange.

*Exceptions sustained.*

YOUNG, J., did not sit: PLUMMER, J., was absent: the others concurred.