Grafton,
No. 6032.

GLENN W. BRICKER, M.D.

*v.*

NEW HAMPSHIRE MEDICAL SOCIETY.

December 1, 1970.

*Glenn W. Bricker* ( by brief and orally ), pro se.

*Upton, Sanders & Upton* ( *Mr. Frederic K. Upton* orally ), for the defendant.

GRIFFITH, J. Plaintiff is a doctor of medicine, licensed to practice in this state and a member of the defendant New Hampshire Medical Society. Plaintiff's bill in equity seeks to enjoin the society from using the services of the law firm of Sulloway, Hollis, Godfrey & Soden or any lawyer employed by that firm in connection with the business of the society.

The defendant filed a demurrer and motion to dismiss plaintiff's bill. Plaintiff countered with an answer admitting certain of the allegations contained in the motion to dismiss and an amendment to his original bill in equity. At hearings held on the motion to dismiss, certain other facts were agreed to and certain exhibits were introduced into evidence. The Trial Court ( *Loughlin,* J. ) transferred without ruling the question of whether the motion to dismiss should be granted. Subsequently two other amendments to the bill in equity were filed by the plaintiff and defendant's counsel does not object to their consideration here although not allowed by the trial court.

In the original bill and the three amendments filed by the plaintiff he alleges that the firm of Sulloway, Hollis, Godfrey

& Soden represents the Hartford Accident & Indemnity Company, the New Hampshire-Vermont Physician Service (Blue Shield) and various other insurance companies. He alleges that in specific instances these multiple representations have resulted in the law firm's representing interests which conflict with that of the defendant society. Plaintiff does not allege that any of the alleged conflict of interest situations he sets forth was not known to the defendant society. On the contrary it appears that after the initiation of the present action by the plaintiff and receipt of a letter from the plaintiff announcing his action the governing body of the defendant society unanimously voted to commend its counsel, Irving Soden, for his work and to "support the continuance of that work."

The plaintiff does not claim that the society or its attorney has inflicted or threatened to inflict any specific existing or reasonably anticipated damage to himself as a physician and member of the New Hampshire Medical Society. He claims that he is "morally obligated, as a matter of conscience to . . . bring before the Court" his allegations of conflict of interest, and that he has "the right to question whether or not the firm or individual who [the society] select[s] is conducting themselves properly, then I have to bring it to the attention of the Society in order to have my impression accepted or rejected; and if I am then dissatisfied with what the Society does, take whatever action I feel is appropriate."

Judicial interference in the internal affairs of associations is strictly limited and will not be undertaken in the absence of a showing of injustice or illegal action and resulting damage to the complaining member. 7 C.J.S. Associations *s.* 34, at 79 (1937); 6 Am. Jur. 2d Associations and Clubs *s.* 27, at 453 (1963); Chafee, The Internal Affairs of Associations Not for Profit, 43 Harv. L. Rev. 993, 1026 (1930); *Green* v. *Obergfell,* 121 F.2d 46 (D.C. Cir. 1941).

The plaintiff here demands the court require the society to discharge its counsel because the plaintiff is dissatisfied with counsel's representation of the society. Plaintiff has cited no legal authority to support the right of an individual member of a society to thus impose his will on the remaining members and we know of none. Neither has he stated any logical reason for the interference here by the courts in the internal affairs of the society and we can conceive of none. *Yeaton* v. *Grange,* 77 N.H. 332,

334, 91 A. 868, 869 ( 1914 ). *See Bowker* v. *Nashua Textile Co.,* 103 N.H. 242, 169 A.2d 630 ( 1961 ).

Plaintiff's second and third amendments to his bill in equity bear little relation to his prayer that the society be enjoined from continuing to employ its counsel. These amendments relate to a suit by a patient against the hospital where plaintiff is affiliated. It is alleged that Travelers Insurance Company insures the hospital and its adjuster has requested a copy of the hospital records; that the bylaws of the society article XV, section 4, require a member "upon receiving information that a claim may be made against him, to immediately notify the Chairman of the Committee or legal counsel for the Society and at the earliest possible date thereafter to send a detailed report of the case together with the names of the physicians involved in the treatment of the patient. "

Plaintiff states that it is not uncommon for the attending physician to be joined as a defendant where the hospital is sued. He alleges that he cannot comply with the provisions of article XV, section 4 since the information would be made available to Travelers, the adversary of his patient. The difficulty with this amendment is that the facts alleged do not appear to require his report under article XV, section 4, since he does not allege he has "information that a claim may be made against him. " Indeed his position appears to be that of advocate for his patient rather than adversary. In addition, there is no allegation that the society threatens any action against him because of any claimed violation of its rules. In this situation there is no basis for the intervention of equity. "No injustice has been done which the equity powers of the court can remedy, and the grounds of complaint are of a character so intangible as to elude the grasp of judicial cognizance. " *Richardson* v. *Society,* 58 N.H. 187, 190 ( 1877 ).

*Petition dismissed.*

All concurred.