Purdy agt. Peters.

————◆◆————

# SUPREME COURT.

## PURDY agt. PETERS.

It is the duty of the successful party at the general term, to enter, or cause to be entered, formal *judgment* upon the decision, at his own expense, where the other party desires to appeal to the court of appeals.

The *clerk* of a court, before performing any service, is entitled to insist on payment of the fees for such service. If, however, he performs the service without insisting on payment of the fees therefor, he gives credit to the party who is bound to pay them, and must look to him personally.

And the clerk is *bound to perform each service* required of him on being paid his fee therefor. He cannot insist that before performing some service required of him, he shall first be paid his fees *for some previous service* for which he has given credit.

*New York Special Term, May,* 1862.

MOTION to compel party to enter judgment.

BARNARD, Justice. A party desiring to appeal to the court of appeals from a decision by the general term, is entitled to have the party who was successful at the general term, enter or cause to be entered formal judgment upon the decision.

It is, however, urged in opposition to this motion, that formal judgment has not been entered by reason of the fault or omission of the moving party, inasmuch as the clerk refuses to enter it in consequence of some fee claimed by the clerk to be payable for a previous service performed by him not having been paid. The fee in question, if payable at all, was in this case payable by the moving party. The objection urged would therefore be fatal to the motion, if the clerk has the right to refuse to enter judgment for the reason assigned by him.

The clerk is entitled, before performing any service, to insist on payment of the fees for such service. In which case the party desiring the service to be performed, must either pay the fees, or if he is not bound to pay them, must take measures to compel the party who is bound to pay. It is immaterial to the clerk who pays the fees, but he may refuse to perform any service till he has been paid for it. If, however, he performs the service without insisting on payment of the fees therefor, he gives credit to the party who is bound to pay them, and must look to him personally.

The clerk is bound to perform each service required of him, on being paid his fee therefor. He cannot insist that before performing some service required of him, he shall be paid the fees for some previous service for which he has given credit.

If the clerk is correct in his proposition in this case, then he can keep a running account in an action, and when a final judgment comes to be entered, insist that the party entering it shall pay the whole account, whether incurred

by him or the other party; or even still further, he may keep a running account against an attorney for a year, comprising services in fifty different actions, and finally insist, before entering judgment in some particular action, that the balance of account shall be paid.   This has not been authorized by any statute or principle of common law.

The result of these views is, that the clerk, on being tendered his fee for entering judgment on the decision of the general term, was bound to enter it even although a fee for a previous service rendered remained unpaid by either party.

Motion granted, without costs.