THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs in Error, *v.* STEPHEN H. POWELL et al., Defendants in Error.

To make an agreement between two or more parties, to do an act innocent in itself, a criminal conspiracy, it is not enough that the act is prohibited by statute, but the agreement must have been entered into with a criminal intent.

The defendants in error, who were commissioners of charities of the county of Kings, were indicted for conspiring together to omit, refuse and neglect to advertise for supplies, as required by the "act to provide for the relief and support of the poor of the county of Kings," etc. (§ 3, chap. 491, Laws of 1871.) It appeared that they purchased the articles specified without previous advertisement, but defendants gave evidence tending to show that they acted in good faith and in ignorance of the statute. The court charged, in substance, that if defendants or any two of them agreed and conspired that they would not advertise, and this agreement was afterward carried into execution by a purchase, this constituted an indictable conspiracy. *Held*, error.

(Argued September 29, 1875; decided November 9, 1875.)

Error to the General Term of the Supreme Court of the second judicial district, to review judgment reversing a judgment entered upon a verdict convicting defendants in error of conspiring together to neglect an official duty imposed upon them as commissioners of charities of the county of Kings by section 3, chapter 491, Laws of 1871. (Reported below, 5 Hun, 169.)

The facts are sufficiently stated in the opinion.

*Mr. Moore* for the plaintiffs in error.  The willful neglect and refusal by defendants to advertise, etc., was an offence, and to conspire to commit it was a conspiracy. (2 R. S., 696, § 8; 8 id., 692, § 8; 2 Stat. at L., 719, § 38; id., 714, § 8; *People* v. *Mather*, 4 Wend., 232, 263.)  The court properly charged that it was not essential in order to sustain the case against defendants to show that their refusal was fraudulent and corrupt, as well as willful. (1 Chit. Cr. L., 239; 2 Hawk. Cr. Pl., 191; *Rex* v. *Stansbury*, 4 T. R., 457; *Rex* v. *Robinson*, 2 Burn., 799; *Rex* v. *Wigg*, 2 Salk., 460; *Rex* v. *Carlisle*, 3 B. & S., 161; *Gardner* v. *People*, Ct. App. Mss.; *People* v. *Norton*, 7 Barb., 479; *People* v. *Bogert*, 3 Park. Cr., 143.)  A mistake in point of law was no defence.  (4 Black. Com., 227; *Rex* v. *Esop*, 7 Carr. & P., 457; *People* v. *Brooks*, 1 Den., 457; *Gardner* v. *People*, Ct. App. Mss.)

*Benj. F. Tracy* for the defendants in error.  The indictment was invalid because it failed to state that any act was done to effect the object of the conspiracy. (4 R. S., chap. 1, tit. 6; § 8; 10 id., chap. 2, tit. 5, § 17; 2 R. S. [2d Edm. ed.], 714, 760.)  The court erred in charging that the intent with which the defendants' refusal was made was immaterial. (3 Greenl. Ev., § 13; *Stokes* v. *People*, 53 N. Y., 179.)

Andrews, J.  The defendants, who were commissioners of charities of the county of Kings, were indicted for official misconduct in neglecting to advertise for proposals for supplies for the use of the poor of the county of Kings as required by

chapter 491 of the Laws of 1871, and in purchasing supplies without awarding a contract therefor, contrary to the provisions of the act.  There were eleven counts in the indictment of this character, each charging the purchase by the defendants, without previous advertisement, of a specific article. The indictment also contained eleven counts for conspiracy, alternating with the counts for official misconduct.  Each of the conspiracy counts charged that the defendants " did frequently, maliciously, corruptly and unlawfully conspire, combine, confederate and agree together to omit, refuse and wholly and willfully neglect " to advertise for proposals for the articles named in the next preceding count for official misconduct.  The omission to advertise and the purchase of the article mentioned, without previous advertisement, are the overt acts charged to have been committed in furtherance of the object of the conspiracy.

The statute of 1871, so far as the same is here material to be noticed, is as follows: " The said board of commissioners shall, from time to time as may be necessary, advertise in the corporation papers of the city of Brooklyn, for not less than ten days, for proposals for all such things as shall be necessary to be used, in and for the relief and support of the poor of the county of Kings ; and shall award contracts for the same to the lowest bidder or bidders who shall give adequate security, excepting such perishable articles as are excepted by existing regulations of the superintendents of the poor of the county."

The defendants were acquitted on the counts charging official misconduct, and were convicted of conspiracy.  The conviction was reversed by the General Term and the case comes before us on writ of error sued out in behalf of the People.

The court charged the jury that if they should find that the defendants, or any two of them, " entered into an agreement or understanding by which they agreed and conspired that they would not advertise for the articles but would continue to take them as they previously had, and that this

agreement was afterward carried into execution by the purchase of one or more articles of the description alleged in the indictment, this was all that was necessary in order to constitute the conspiracy and make the defendants amenable under these charges in the indictment."

The prosecution proved that the defendants purchased in the open market and without previous advertisement the articles described in the indictment, but evidence was given by the defendants tending to show that they did not at the time know of the existence of the statute or that it was their duty to advertise, and that they acted in good faith following the practice theretofore established in the department. In this position of the case the counsel for the defendants called upon the court to charge the jury that they must find a corrupt intent in order to convict the defendants, and that if they acted in the honest belief that the law did not require them to advertise for proposals the jury could not convict them. The judge refused the instructions asked, but on the contrary, in unambiguous language and in various forms of expression, charged that ignorance of the law, or an absence of an intent to violate it, would not avail the defendants; and if they did the act which was prohibited, or omitted to do what was required, they were guilty. It is quite clear from the record that the learned judge in his charge, and in disposing of the requests to charge, regarded the same rule applicable to the conspiracy counts as to those charging the doing of an act prohibited by the statute of 1871; and intended to hold and charge that the bare agreement between the defendants not to advertise for proposals, followed by conduct and acts in furtherance of the object of the agreement, was a criminal conspiracy and rendered them liable to conviction and punishment, although they supposed that they might lawfully purchase without advertisement and were ignorant of the provision of the statute upon the subject.

I think this ruling cannot be sustained. The general rule is, that to constitute crime there must not only be the act but also the criminal intention; and these must concur, the

latter being equally essential with the former (GROVER, J., in *Stokes* v. *People*, 53 N. Y., 179), and the intent is to be found by the jury. But where a man is indicted for doing a prohibited act, he will not be allowed to say that he did not know of the existence of the law he had violated. The offence in cases of acts *mala prohibita*, is complete when the act is intentionally done, irrespective of any actual intention to violate the law. In accordance with this general doctrine it has been recently held in this court, in *The People* v. *Gardner*, that an honest misconstruction of the law by a public officer, under which he did an act which the court held he was prohibited from doing, was not an answer to an indictment for doing the prohibited act. But to make an agreement between two or more persons, to do an act innocent in itself, a criminal conspiracy, it is not enough that it appears that the act which was the object of the agreement was prohibited. The confederation must be corrupt. (3 Greenl. Ev., 75.) The agreement must have been entered into with an evil purpose, as distinguished from a purpose simply to do the act prohibited in ignorance of the prohibition. This is implied in the meaning of the word conspiracy. Mere concert is not conspiracy. Persons who agree to do an act innocent in itself, in good faith and without the use of criminal means, are not converted into conspirators, because it turns out that the contemplated act was prohibited by statute. The actual criminal intention belongs to the definition of the offence, and must be shown to justify a conviction for conspiracy. The offence originally consisted in a combination to convict an innocent person by perversion of the law. (3 Inst., 143; 1 Hawkins, 446, note.) It has since been greatly extended, but I am of opinion that proof that the defendants agreed to do an act prohibited by statute, followed by overt acts in furtherance of the agreed purpose, did not conclusively establish that they were guilty of the crime of conspiracy.

It was open for the jury to find, upon evidence, that no criminal intention existed; and if this had been found, to

have acquitted the defendants.    The argument that they were presumed to know the law and that therefore they intended to violate it, might properly have been urged before the jury; but this presumption was not, in this case, conclusive, and they could not be made conspirators by presumption and intendment in the absence of any intent to violate the law.

For the errors in the charge upon the point considered, and without considering the other questions in the case, the judgment of the Supreme Court should be affirmed.

All concur.

Judgment affirmed.