Hardin, P. J.
The respondent calls attention to section 3013 of the Code of Civil Procedure, which provides that a judgment of nonsuit “must be rendered against the plaintiff prosecuting an action before a justice of the peace, * * * if he fails to appear within one hour after the summons is returnable, or within one hour after the time to which the trial has been adjourned.” If there had been no appearance of the parties before the justice on the 21st of June it would have been the duty of the justice to have granted a nonsuit; but section 3015 provides: “Where a judgment is confessed, * * * the. justice must forthwith render judgment, and enter it in his docket-book.” Apparently the justice understood from the interview held with the parties that it was the intention of the parties that the plaintiff should recover the property, and that the defendant should pay the costs. He treated their understanding, as communicated to him, as the equivalent of confession of judgment, and entered the same in his minutes; the defendant .having in effect assented that the justice might so regard the issue as disposed of by confession, and that the plaintiff should recover his property, and that the defendant should pay the costs of the action, and make an entry in virtue of that arrangement, which is equivalent to carrying out the arrangement. Under the circumstances, particularly after the defendant had acquiesced in the action of the justice for a year, it is not seemly that he should be heard to question the judgment rendered by the justice of the peace. Section 3011 authorizes a judgment upon confession if the defendant personally appeared before the justice; but that section provides, however, that the confession must be in writing, signed by the defendant, and filed with the justice. Apparently • the defendant consented before the justice, in the presence of the plaintiff, that the judgment be entered against him, or at least the justice so understood it; and the entry made by the justice was in accordance with the agreement made by the defendant, to-wit, that the plaintiff should have the prop *869 •erty mentioned in the pleadings, and that the defendant should pay the costs incurred.
In Beecher v Kendall, 14 Hun, 327, the court upheld a judgment predicated upon a verbal acceptance of an offer of judgment, although the statute provides that if the plaintiff “accept the offer, and give notice thereof in writing, the justice shall file the offer and acceptance thereof, and render a judgment accordingly.” The personal assent to the acceptance was made in the presence of the justice and of the defendant. It was observed by the court, in deciding that case, viz.: “The provision of the Code was thus substantially complied with; but, if not, the defendants cannot here take advantage of the error. Again, it was a substantial confession of judgment by the defendants when all the parties were present before the justice.” Gates v. Ward, 17 Barb. 424. “It is the duty of appellate courts to indulge in every reasonable and warrantable intendment and presumption, in order to sustain proceedings and judgments of inferior tribunals.” Schoonmaker v. Spencer, 54 N. Y. 366; Fowler v. Haynes, 91 N. Y. 350. Section 3063 of the Code of Civil Procedure declares, viz.: “The appellate court must render judgment .according to the justice of the case, without regard to technical errors or defects, which do not affect the merits.” Applying the spirit of the language just quoted to the case in hand, it seems to us that the defendant ought not to be permitted to question the action of the justice based upon his agreement that the plaintiff should have the property embraced within the issue joined before the justice, and that he should pay the costs of the action. The action ■of the justice accords with “the merits,” as admitted by defendant’s agreement. Again, if we regard the entry of the judgment in the docket of the justice„in August, 1883, as a part of the judicial duty of the justice to give force and validity to the judgment, that act was requested by the defendant, •as his attorney expressly insisted the justice should make the'entry, which he did, in his docket. The defendant ought not to be permitted to take advantage of an act which he requested to be performed. Section 1294 of the Code provides that an appeal may be taken “by a party aggrieved.” It is difficult to see how the defendant was aggrieved by the entry made in the justice’s docket upon the express request of the defendant’s attorney, or upon the ■threat made by him. We think the county court ought not to have reversed the judgment. Judgment of the county court reversed, and that of the justice’s court affirmed, with costs to the appellant.
Follett, J.
I am not prepared to hold, and I think it unnecessary to hold, that the justice’s judgment is valid; but I am clear the defendant had no right of appeal, and that the county court should have dismissed his appeal. The judgment of the county court should be reversed, with costs, and the defend.ant’s appeal to that court dismissed, with costs.
Martin, J., concurs.