# Court of Appeals.

December 19, 1895.

## PEOPLE v. ERASTUS WIMAN.

**1. CRIMINAL LAW—FORGERY—INTENT.**

Criminal intent is essential to constitute the crime of forgery, and the testimony bearing thereon is always a question for the jury.

**2. SAME.**

The conviction should be reversed where the charge renders uncertain the question as to whether "criminal intent" was essential to constitute the crime of forgery.

Appeal from a judgment of the general term of the supreme court, reversing the conviction of defendant.

John D. Lindsay, for the State.

Benjamin F. Tracy, for respondent.

PER CURIAM.—It appears that Robert G. Dun, Arthur J. King, Robert D. Douglass, and the defendant, Erastus Wiman, were associated together in business, carrying on a mercantile agencies under the names of R. G. Dun & Co., and Dun, Wiman & Co., in various cities of the United States and Canada. Wiman was the principal business manager, and had the power to sign the company's name to checks that were necessary to be drawn in the conduct of the business. On the 6th day of February, 1893, the company was owing one E. W. Bullinger the sum of about $15,-000, and on that day the defendant directed a clerk in the company's office to draw a check to the order of Bullinger for $5,000, upon the Chemical National Bank, to be paid to Bullinger on account of the money owing to him. A check was accordingly filled out by the clerk, and that amount charged to the account of Bullinger on the books of the company. The defendant took the check, signed the company's name thereto, and on the same day, without the knowledge or consent of Bullinger, indorsed Bullinger's name on the back of the check, and then, after indorsing his own name thereon, deposited it to his own credit in the

Central National Bank. The check was subsequently presented to the Chemical National Bank, and was paid, and a few days thereafter it was brought to the attention of the defendant's associates in the business. It further appears that at this time the defendant had overdrawn his account with the company in an amount upwards of $150,000 and that his associates had forbidden him to draw more from the business on his own account, except a stipulated sum, agreed upon, per month, until the amount of the overdraft should be restored or made good. The defendant was subsequently accused of the crime of forgery in the second degree by an indictment charging him with having feloniously forged on the back of the check the indorsement of E. W. Bullinger, with intent to defraud, and in another court he was charged with uttering the same. Upon the trial court withdrew from the jury all questions with reference to the intent to defraud Bullinger or the Chemical National Bank, and submitted only the question of the intent to defraud R. G. Dun & Co. The claim is made that the transaction set forth does not constitute the crime of forgery. Upon this question our minds are not in accord, and inasmuch as other facts may appear in the event that we should again be called upon to review this case, we have not thought it advisable to enter upon a discussion of the question at this time.

During the summing up of the defendant's counsel, he was interrupted by the court, and a conversation ensued, after which the defendant's counsel stated that he should asked the court to charge the jury "that if the defendant believed that under the rules of commercial law he had legal authority to make this check and indorsed it as he did, the crime is not forgery." The court replied that he should refuse to so charge. Subsequently the court did charge, on the request of the counsel, that "if the jury shall find that Wiman believed that under the rules of law applicable to commercial paper, he had legal authority to use the name of a person as payee to whom it was not intended that the check should be paid, and to indorse such name on the back of the check, indorsement is not forgery." The court was also requested by the defendant's counsl to charge that, "unless the jury find that the acts charged were committed with criminal intent, the defendant is entitled to an acquittal." The court replied:

"I charge you, unless the act was committed with intent to defraud as I explained it to you, the defendant is entitled to an acquital. 1 refuse to charge as requested." To this ruling an exception was taken by the defendant. During the summing up of the defendant's counsel, the judge was asked how he would charge upon the subject of criminal intent, and he replied: "I shall charge that the jury must find that there was intent to defraud; nothing about criminal intent." In the charge the judge instructed the jury that there must be an intent to defraud in order to constitute the crime of forgery, and then defined the term defraud, "to deprive of right, either by obtaining something by exception or artifice, or by taking something wrongfully, without the knowledge or consent of the owner." Criminal intent is essential to constitute the crime, and the testimony bearing thereon is always a question for the jury. Duffy v. People, 26 N. Y. 588–593; Stokes v. People, 53 N. Y. 164; People v. Powell, 63 N. Y. 88; People v. Flack, 125 N. Y. 324; 26 N. E. 267. It follows that the court should have charged as requested. It is urged, however, that the refusal to so charge did no harm, and that the charge as made sufficiently covered the ground. But we are all of the opinion that the charge as made taken in connection with the remarks of the court and its refusal to charged as requested, was confusing, and rendered uncertain the question as to whether "criminal intent" was or was not essential in order to constitute the crime.

The judgment of the general term should be affirmed.

All concur.

Judgment affirmed.