## In re VAN ORDEN.

(Supreme Court, Special Term, New York County. July, 1900.)

1. FORGERY—COMPLAINT—SUFFICIENCY—COMPLETION OF CRIME.
   Under Pen. Code, § 511, declaring a person guilty of forgery who forges an instrument or writing by which a pecuniary demand is created or transferred, a complaint charging that a person willfully and feloniously forged and altered a certain check, made payable to a certain firm, and the indorsement of such firm, in that he forged the name of such firm on the back of the check without authority and without its knowledge or consent, and presented the forged indorsement to another, receiving money in exchange therefor, sufficiently charges the crime of forgery, since the crime was complete when the check was presented and money received thereon.

2. SAME—CRIMINAL INTENT—WILLFUL AND FELONIOUS ACT—IMPUTATION.
   Where a complaint charges that an indorsement on a check was willfully and feloniously forged and presented to another, and money received in exchange therefor, criminal intent is sufficiently charged by the words "willfully and feloniously."

**8. HABEAS CORPUS—INTENT TO DEFRAUD—QUESTION FOR JURY.**
    The intention of one charged with forgery to defraud is a question of fact for the jury, and not of law for the court on habeas corpus.

Application of George O. Van Orden for discharge from imprisonment on habeas corpus. Writ dismissed.

Daniel S. Decker, for petitioner.

Asa Bird Gardiner, Dist. Atty., and John Schwarzkopf, Asst. Dist. Atty., for the People.

McADAM, J. The criminal complaint before the magistrate certainly charges the prisoner with the crime of forgery. Pen. Code, § 511. It alleges that the prisoner did "willfully and feloniously" make, forge, and utter a certain check upon the Liberty National Bank for $12.25, made payable to the order of Murray & Sullivan, and the indorsement of Murray & Sullivan, in that defendant did forge the name of Murray & Sullivan upon the back of said check without any lawful right or authority so to do, and without the knowledge or consent of Murray & Sullivan, of which firm the complainant was a member, and that the forging was done in the presence of a corroborating witness. The complaint then charges that the defendant did present said forged indorsement of said check to William Hauck, in premises No. 61 Cortlandt street, and did receive said amount of money in exchange therefor. The crime was complete when the prisoner presented the check to Hauck and received from him the money thereon, presumably on the credit of the indorsers as well as the drawers of the check. This gave the check its legal inception as a negotiable instrument. The prisoner's counsel claims that Hauck deposited the check for collection in his bank, and that it was paid in due course by the Liberty National Bank, upon which it was drawn, through the medium of the clearing house, and that therefore no "criminal intent" appears, as required by People v. Wiman, 148 N. Y. 29, 42 N. E. 408. Of course, a criminal intent must appear, but by the complaint here it is sufficiently charged by the words "willfully and feloniously," which in this instance impute such intent. 1 Bouv. Law Dict. (Rawle's Rev. Ed.) p. 768. And see Purdy v. Peters, 15 Abb. Prac. 160. When the check was cashed by Hauck he was naturally led to act on the belief that he had secured the liability of Murray & Sullivan as indorsers thereon, on which he might safely rely, not only for the genuineness of the check, but its payment, and the prisoner's act in indorsing their name upon it was presumably for that purpose and with that intent. The prisoner may be able to satisfy the jury that there was no intention on his part to defraud, but that question is, as in People v. Wiman, supra, one of fact for the jury, and not of law for the court upon habeas corpus and certiorari. The district attorney claims that he can prove that not only the indorsement, but the check itself, is a forgery, and the prisoner the forger. If that fact be established, it will certainly be material and weighty on the question of criminal intent. The complaint is sufficient in law, and

65 N.Y.S.—46

the matter will have to be disposed of by a trial, at which the evidence will determine the question of guilt or innocence.

The writ must be dismissed, and the prisoner remanded.