(115 App. Div. 350)

### RAYMOND v. TIFFANY et al.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. MOTIONS—RESETTLEMENT OF ORDER.

Defendant H. served a copy of his answer on the attorneys for defendant T. and others, which was returned; thereupon, a motion was made to compel them to accept it, which the court granted, on payment of costs, and directed settlement of the order on notice. Both sides submitted an order for settlement. The order submitted by H. was not signed, but that presented by the attorneys for defendants T. and others was signed and entered, reciting that it was made on motion of the attorney for defendant H. *Held*, that H., desiring to appeal from so much of the order as imposed costs was entitled to have the order resettled so as to recite that it was entered at the instance of the other defendants, and not at his request.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Motions, § 62.]

2. APPEAL—RIGHT TO APPEAL.

A party cannot appeal from a judgment or order entered on his own motion.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 970.]

Appeal from Special Term, New York County.

Action by Irving E. Raymond, as president of A. A. Vantine & Company, against Louis C. Tiffany and others. From an order denying the motion of Edward S. Hosmer, as trustee in bankruptcy of B. Y. Tiffany to resettle an order authorizing service of an amended answer, Hosmer appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. M. Berkley (S. T. D. Jones, on the brief), for appellant.
Gould & Wilkie (Arthur F. Gotthold, of counsel), for respondents.

PER CURIAM. The defendant Hosmer served a copy of his answer upon the attorneys for the defendants Louis C. Tiffany and others, pursuant to section 521 of the Code of Civil Procedure. The said attorneys having returned the answer, a motion was made to compel them to accept it. The motion was granted at the Special Term, the learned justice presiding, handing down the following memorandum:

"The defendant, Hosmer, may serve his amended answer on payment of $20 costs to the defendants, Tiffany, with leave to such defendants to answer within 20 days thereafter. Settle order on notice."

Both sides submitted an order for settlement on the above decision. The moving party's order was not signed, but the order presented by the attorneys for the defendants Tiffany and others was signed and entered. That order recited that it was made "on motion of Samuel T. D. Jones, attorney for said defendant Edward S. Hosmer, as trustee in bankruptcy of said Burnett Y. Tiffany." The defendant Hosmer desires and intends to appeal from so much of said order as imposes $20 costs upon him, claiming that the service of his answer upon the other defendants was a matter of right, and not a matter of favor, and therefore that the imposition of costs was not justified. He, therefore, moved for a resettlement of the order as entered, for the purpose of having stricken out the words "on motion of Samuel T. D. Jones, attorney for said defendant Edward S. Hosmer, as trustee in bankruptcy of said Burnett Y. Tiffany," and, said motion to resettle being denied, he takes this appeal.

We are of the opinion that the motion should have been granted. A party intending to appeal from an order or a part thereof which he claims is in violation of his rights should not be compelled to run the hazard upon an appeal of having the point made against him that his appeal will not lie because the order below was granted upon his request. If the recital in the order states that the order was made upon his motion he does run that hazard. It has been held that a party cannot appeal from a judgment or order entered upon his own motion.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a resettlement remitted to the justice making said order, with instructions to grant the relief prayed.