(134 App. Div. 500.)

## DAVIS v. FOGARTY et al.

(Supreme Court, Appellate Division, First Department. November 12, 1908.)

1. APPEAL AND ERROR (§ 664*)—CONFLICT IN RECORD—RECITALS IN ORDER—CONCLUSIVENESS.

　　As affecting the right of an appeal from an order, the recital in the order that it was entered on motion of plaintiff is not conclusive of that fact if it appears otherwise from the record, but it is a circumstance to be considered.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2856; Dec. Dig. § 664.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. APPEAL AND ERROR (§ 656\*)—RECITALS IN ORDER—CORRECTION.**

Where plaintiff is injured by an order, as resettled, appointing a receiver, and desires to appeal therefrom, but the order recites that it is entered on motion of plaintiff, he may have the recital corrected on appeal from the order of resettlement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826–2829; Dec. Dig. § 656.\*]

Appeal from Special Term, New York County.

Action by Amie Davis against William P. Fogarty and others. From an order resettling an order, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward W. S. Johnston, for appellant.

Eugene Frayer, for respondent.

SCOTT, J. The plaintiff appeals from an order resettling an order appointing a receiver. The order which was originally entered granted all that plaintiff moved for. As the order was resettled, there was excluded from the operation of the receivership one parcel of real estate. The order thus becomes less favorable to plaintiff than she asked, and she desires to appeal therefrom. She finds herself embarrassed, however, by the fact that the order as resettled recites that it was made "on motion of Johnson and Johnson, attorneys for the plaintiff." In its present form the order certainly is not what plaintiff asked for, and she should not be subjected to possible embarrassment upon appeal by the erroneous recital that an order which she opposed was entered upon her motion. Upon a similar question this court said:

"A party intending to appeal from an order or part thereof, which he claims is in violation of his rights, should not be compelled to run the hazard upon appeal of having the point made against him that his appeal will not lie because the order below was made on his request. If the recital in the order states that the order was made on his motion, he does run that hazard." Raymond v. Tiffany, 115 App. Div. 350, 100 N. Y. Supp. 807.

We are not to be understood as holding that such a recital will always be held to be conclusive upon an appellant, if it appears otherwise from the record that the order as made was not of his asking, but contrary thereto. The recital, however, is a circumstance to be considered and in certain cases may prove to be conclusive. It is seldom, and perhaps never, necessary or appropriate to recite in an order or judgment that it was entered "on motion" of an attorney, although it should show who moved for the order or judgment and what he asked for. The order or judgment granted is the act of the court. If it grants all the relief that the moving party asked for, it can do no harm, although it is unnecessary to recite that the order was entered on his motion. If it grants less, the party who moved may appeal, and the order, not conforming to his motion, should not be so drawn as to appear to have been asked for by him or to be satisfactory.

The order appealed from should therefore be reversed, with $10

---

costs and disbursements, and the motion to resettle granted to the extent of striking out the recital that it was made "on motion" of Johnson & Johnson, attorneys for the plaintiff. All concur.