HARRIS v. ST. PAUL FIRE & MARINE INS. CO.

(Supreme Court, Appellate Term. December 8, 1910.)

1. APPEAL AND ERROR (§ 882*)—APPEAL FROM ORDER ENTERED AT APPELLANT'S REQUEST—RIGHT TO.

Appellant could not appeal from an order denying a motion for a new trial, where it was entered upon his own motion, even though inadvertently.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3609; Dec. Dig. § 882.*]

2. APPEAL AND ERROR (§ 864*)—APPEAL FROM JUDGMENT ALONE—EFFECT.

On an appeal from a judgment alone, the appellate court can only review questions of law, so that the weight of the evidence cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1765–1767, 3456–3461; Dec. Dig. § 864.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 141*)—EVIDENCE—WHEN A QUESTION OF LAW FOR THE COURT.

    Where there is no conflict of evidence, its sufficiency is no longer one of fact, but one of law, to be determined by the court.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

4. INSURANCE (§ 280*)—MATERIAL FALSE REPRESENTATIONS.

    It was a material misrepresentation as to the indentity of the insured property in the application for insurance on an automobile that it was a 1907 model, where it was in fact a 1906 model, rendering recovery on the policy impossible.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 280.*]

Appeal from City Court of New York, Trial Term.

Action by Leopold Harris against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Tipple & Plitt (Wilson E. Tipple, of counsel), for appellant.
Prince & Nathan (Alfred B. Nathan, of counsel), for respondent.

PLATZEK, J. The defendant appeals from a judgment entered upon a verdict of a jury, and also from an order denying a motion to set aside the verdict and for a new trial. The order was, apparently, inadvertently, entered upon the defendant's motion, and therefore an appeal therefrom by the defendant will not lie. Josias v. Nivois, 56 Misc. Rep. 557, 107 N. Y. Supp. 19; Raymond v. Tiffany, 115 App. Div. 350, 100 N. Y. Supp. 807.

Entertaining the appeal as one from the judgment alone, this court can only review questions of law, and the weight of evidence cannot be considered; but, where there is no conflict of evidence, its sufficiency is no longer a question of fact, but becomes a question of law, to be determined by the court. Halpin v. Third Avenue R. R. Co., 40 N. Y. Super. Ct. 175; Halpin v. Phœnix Ins. Co., 118 N. Y. 165, 23 N. E. 482.

The complaint alleged that the defendant insured—

"the plaintiff in the sum of $2,000 * * * upon the body, machinery, and equipment of a certain Rainier automobile, of the type known as a touring car, run and operated by gasoline and constructed in the year 1907."

The plaintiff testified that he made his application for such insurance by telephoning to the defendant's agents, and that, when they asked him what kind of a car he had, he answered, "a touring car," and when asked what model, "I says, '1907 Rainier.'" He claims that he gave its number as 766; but the number given in the policy is 776. It was proven by the defendant, and not disputed by the plaintiff, and by a former superintendent of the Rainier Company, that he could tell from the number of the car what model it was, and that a Rainier car numbered either 766 or 776 was of the 1906 model, and that the 1907 model car had several improvements over the 1906 model. The plaintiff, therefore, failed entirely of showing that the policy issued by the defendant covered the car destroyed by fire, and for the loss of which this action was brought. It is perfectly clear

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that a used car, constructed in 1906, and insured in· November, 1909, is not of the same insurable value as a car constructed in 1907, and the statement of the plaintiff that the car was of the 1907 model was a material representation, upon which the defendant had a right to rely, in issuing a valued policy in the sum of $2,000.

The motion for a nonsuit, made at the close of the plaintiff's case, and renewed at the close of the entire case, should have been granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.