[Criminal No. 392.   Filed December 19, 1916.]

[161 Pac. 874.]

FELIX LOPEZ, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—APPEAL AND ERROR—REVIEW—HARMLESS ERROR.—In an information for murder, the commencement recited that "F. L. accused," etc., omitting the word "is" before the word "accused." *Held*, the omission was at most a technical error, for which reversal is prohibited by Penal Code of 1913, section 1170, enacted pursuant to Constitution, article 6, section 22; it appearing that substantial justice had been done by the verdict.

2. INDICTMENT AND INFORMATION—SUFFICIENCY.—An information for murder, the commencement of which recited "F. L. accused," etc., omitting the verb "is" before the word "accused," *held* sufficient, under Penal Code of 1913, section 943; the defect, if any, being one that could be cured by amendment, if timely objected to, and which is otherwise deemed cured by reference to the record.

3. INDICTMENT AND INFORMATION — SUFFICIENCY.—While a sufficient accusation of the commission of a crime is essential to jurisdiction, and to sustain a conviction, yet the mere recital in the commencement of an information that the defendant "is accused" is not essential, if the information properly charges the offense.

[As to form and sufficiency of indictments, for murder, see note in 3 Am. St. Rep. 279.]

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

STATEMENT OF FACTS BY THE COURT.

The appellant, Felix Lopez, was tried and convicted of the willful, deliberate and premeditated murder of Rosendo Lugo, committed by stabbing with a knife. The jury fixed the pun-

ishment at imprisonment for life. On the tenth day of July, 1915, the court duly pronounced sentence and judgment in accordance with the verdict, and refused a new trial. From the judgment and order refusing a new trial the defendant appeals.

Messrs. Doan & Doan, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Geo. W. Harben and Mr. R. Wm. Kramer, Assistant Attorneys General, for the State.

CUNNINGHAM, J.—The information upon which the appellant was tried, convicted and sentenced is as follows:

"In the name and by the authority of the state of Arizona, Felix Lopez accused by the county attorney of Cochise county, state of Arizona, by this information, of the crime of murder committed as follows: The said Felix Lopez, on or about the 24th day of June, 1915, and before the filing of this information, at the county of Cochise, state of Arizona, did then and there willfully, unlawfully, feloniously, premeditatedly, and deliberately, with his malice aforethought, kill and murder one Rosendo Lugo, a human being, by then and there stabbing him, the said Rosendo Lugo, with a knife, contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the state of Arizona."

Upon the information is the following indorsement:

"Filed in the superior court in and for Cochise county, state of Arizona, by the county attorney thereof, as a record of this court, this 6th day of July, A. D. 1915." (Signed by the clerk.)

The defendant pleaded not guilty, and upon a trial of the issue the jury returned a verdict of guilty of murder of the first degree, and fixed the punishment at imprisonment for life. The appeal is from the order denying a motion for a new trial, and from the judgment.

The appellant now assigns as error the following:

"Assignment I. The court erred in proceeding to trial upon the information as presented in the case, as such information is fatally defective in that no accusation is presented.

"Assignment II.    The court erred in overruling the motion for a new trial, since the verdict was contrary to law."

Appellant argues both of such assignments of error together, for the asserted reason:

"  . . . The real point in issue is the fatal defect of the information in not directly accusing the defendant of any crime."

I understand, from further statements in the brief, that appellant means to contend that because the information fails to use the word "is," or some other variation of the verb "to be," after the name of the defendant and before the word "accused," that the information is fatally defective, and accused the defendant of the commission of no crime, and because "it is senseless." The omission complained of occurs in that portion of the information which immediately precedes the statement of the facts constituting the crime—the statement which directly accuses the defendant of the commission of the criminal acts, and therefore the commission of the crime.

The commencement is made up by the pleader from the record of the cause as that record exists at the time of preparing the information. The object of the commencement is to show that the cause is prosecuted in the name and by the authority of the state, acting through its legally constituted agent, the county attorney of the proper county, and that the prosecution is carried on in a court having jurisdiction to hear and determine the matter. Paragraph 943, Penal Code 1913. The recital of facts in the commencement is largely a matter of convenience in pleading, so that the information may be looked to for a recital of the existence of facts, which otherwise would require an examination of the record to determine.

The commencement is no part of the body of the indictment or information, but the commencement of the prosecution is a substantial part of the record, because it must appear upon the face of the record, while the cause is in the court, where the information is filed, and from the record, after its removal into this court upon appeal, not only that the information is sufficient in substance to charge the commission of a public offense by the accused, but also that it was preferred by the legally constituted agency of the state,

in the name of the state, and the proceeding was instituted in the court having jurisdiction of the cause, within the limit of time prescribed after the examining magistrate has ordered the defendant held to answer the charge.

"The indictment or information is sufficient," paragraph 943 of the Penal Code of 1913 provides, "if it can be understood therefrom: (1) That it is entitled in a court having authority to receive it. . . . (2) If . . . an information, that it was returned and presented to the court by the county attorney of the county in which the court was held. (3) That the defendant is named, or if his name cannot be discovered, . . . then described with the allegation that his name is unknown. (4) That the offense was committed at some place within the jurisdiction of the court, except . . . (5) That the offense was committed at some time prior to the time of . . . filing the information." And the sixth and seventh requirements, which relate to the statement of the criminal acts. All of the matters declared requisite to a sufficient information can be understood from the information before us in this case.

Upon the whole case presented by the record, and now under consideration, it clearly appears that the defendant at the time of the trial was accused by the county attorney of Cochise county, state of Arizona, by the information of the crime of murder, and the failure of the information in its commencement to recite that fact in the present tense, by using the words "is accused," but instead omitting the word "is," and using the word "accused" alone, was a mere omission or clerical error in pleading, and was easily supplied or cured by the body of the information and by the record. At most the omission is a technical error in pleading, as clearly appears from the whole case, and this court is prohibited from reversing a judgment in a criminal case for technical error in pleading, when upon the whole case it appears that substantial justice has been done. Paragraph 1170 of the Penal Code of 1913, following section 22 of article 6 of the state Constitution.

No rights of the defendant appear to have been denied to him because the information omitted to recite that he "is accused by the county attorney of Cochise county, state of Arizona, by this information, of the crime of murder," but

recited that the defendant, naming him, "accused" by the same officer and instrument of the commission of that crime. The mere omission of the word "is" did not have the effect of depriving the superior court of Cochise county of jurisdiction to entertain the cause. The omission may have been cured by amendment, if timely objected to, and it is deemed to have been cured by reference to the record, in the absence of timely objection. The mere recital in the commencement of the information of the fact that the defendant therein named *is accused* of a certain named offense is not made essential to the jurisdiction of the court, but a sufficient accusation of the commission of an offense is essential to jurisdiction and to a conviction; but whether the defendant "is accused" of crime need not be recited as a conclusion in the caption, in order to sufficiently charge the commission of a crime. The information legally accuses the defendant named of the crime of murder of the first degree. He was tried and convicted of the crime charged.

I find no error in the record; consequently the judgment is affirmed.

ROSS, C. J., and FRANKLIN, J., concur.