[No. 17245. Department Two. August 29, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. JIM PSARAS, *Appellant.*[1]

SODOMY (3)—EVIDENCE—CORROBORATION—NECESSITY. Under our statutes, corroboration of the prosecutrix is not necessary in a prosecution for sodomy.

INDICTMENT AND INFORMATION (45) — INTENT — SUFFICIENCY OF AVERMENT. An intent to commit sodomy is sufficiently charged by alleging that it was "wilfully" done, the term being synonymous with the word "intentionally."

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered December 14, 1921, upon a trial and conviction of sodomy. Affirmed.

*E. W. Robertson,* for appellant.

*William C. Meyer* and *E. E. Alley,* for respondent.

PER CURIAM.—Defendant in this action was charged. with the crime of sodomy, and from his conviction thereof has appealed.

The first point urged is that the evidence was insufficient to take the case to a jury, the claim being that there was no corroboration of the prosecuting witness. Under our statute, corroboration is not necessary in such a case, but even if it were, there were facts and circumstances which tended to corroborate the story.

It is next urged that the information and also the instructions to the jury were incorrect because they ignored the element of intent. Both the information and the instructions, while they did not use the word "intentionally," did use the word "wilfully," which words, so far as they are here concerned, are synony-

[1]Reported in 208 Pac. 1094.

mous. *In re Van Orden,* 32 Misc. Rep. 215, 65 N. Y. Supp. 720; *People v. Pool,* 27 Cal. 572.

Finding no error in the record, the judgment is affirmed.