[Criminal No. 560. Filed July 21, 1923.]

[216 Pac. 1074.]

## J. C. THOMPSON, Appellant, v. STATE, Respondent.

1. FORGERY—INFORMATION CHARGING MAKING AND UTTERING OF FIC-TITIOUS CHECK REQUIRED TO ALLEGE FRAUDULENT INTENT.—Information charging that the defendant did "willfully, unlawfully, falsely, fraudulently, and feloniously make, utter, publish, and pass" a fictitious check to named person, *held* insufficient to charge the making and uttering of a fictitious check in violation of Penal

See 26 C. J., pp. 931, 933; 31 C. J., p. 702.

Code of 1913, section 474, without an allegation that the making and uttering of the check was with the intent to defraud, since such intent is the gist of the offense as defined by the statute; the words "willfully, unlawfully, falsely, fraudulently, and feloniously" being insufficient.

2. INDICTMENT AND INFORMATION — OFFENSE MUST BE CHARGED AS FULLY AND COMPLETELY AS DEFINED IN STATUTE.—The information must charge the offense as fully and completely in substance, if not in exact language, as the statute defining the offense.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Reversed.

Mr. William J. Fellows, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Mr. Earl Anderson, and Mr. E. W. McFarland, Assistant Attorneys General, for the State.

LYMAN, J.—Appellant, Thompson, was found guilty by a jury and received the sentence of the court under an information the charging part of which reads as follows:

"The said J. C. Thompson, on or about the 14th day of September, 1922, and before the filing of this information, at and in the county of Maricopa, state of Arizona, did then and there willfully, unlawfully, falsely, fraudulently, and feloniously, make, utter, publish, and pass to one Dr. Orville Harry Brown a certain false and fictitious check purported to be drawn upon the First National Bank of San Antonio, Texas, which said check was then and there in words and figures as follows, to wit: 'Phoenix, Ariz., 9/14, 1922. No. 309. The First National Bank 91–3 The First *Natation* Bank, San Antonio, Tex.: Pay to the order of Dr. Orville Harry Brown $4.00 Exactly Four Dollars No Cents Exactly Dollars E. J. Thomas,' it being the fact that at the time of the uttering and passing of said check, as aforesaid, there was no such bank in existence as the First National Bank of San Antonio, Texas, as the said J. C. Thompson

then and there well knew, and that the said check was then and there false, forged, and fictitious as he, the said J. C. Thompson, then and there well knew, contrary to the form,'' etc.

It may be supposed that this information attempts to charge an offense according to the provisions of paragraph 474 of the Penal Code, but it falls fatally short of doing so. It fails to state that the making and uttering was done with the intent to defraud anyone, which is the very gist of the act which the statute makes felonious. The state attempts to find in the words ''willfully, unlawfully, falsely, fraudulently, and feloniously'' (found in the first paragraph of the information) an allegation of such criminal purpose as obviates the necessity of charging the crime in the words of the statute, but these words can perform no such office. Their effect is merely to qualify the allegation which is supposed to follow, stating the acts which constitute the crime. If there is no allegation of the essential acts constituting the crime, the qualifying words have no function to perform and are useless.

The state makes a strenuous attempt to find some authority for this faulty information. Many precedents are cited. One of them, *In re Van Orden,* 32 Misc. Rep. 215, 65 N. Y. Supp. 720, seems to lend some sort of color to the state's contention. The indictment in that case is not set out in full in the opinion, but the substance of it appears to be given, from which it is gathered that while the direct allegation of intent to defraud may have been lacking there is an allegation of facts and circumstances, including the receipt of a sum of money from the person to whom the paper was uttered, from which the intent to defraud might readily be inferred.

The most casual inspection of the statute discloses the infirmity of this information, and no other au-

thority is required. The most elementary rule of criminal pleading requires that the offense charged shall at least be as full and complete in substance, if not in exact language, as the statute under which the action is brought. The statute in this case defines the offense as the making, passing, uttering or publishing of any fictitious check or other like instrument with intention to defraud any other person. The defendant should never have been placed upon trial upon such a faulty pleading.

The state reminds us that this court has said, in *Lopez* v. *State,* 18 Ariz. 361, 161 Pac. 874, that "when upon the whole case it appears that substantial justice has been done" judgment will not be reversed. It is impossible that substantial or any justice may be done when a defendant is placed on trial without an information that substantially conforms to the statute which he is supposed to have violated.

The judgment will be reversed.

McALISTER, C. J., and ROSS, J., concur.