NORTON & SIEGEL, INC. (Formerly JAMES R. NOLAN Co., INC.), Appellant, v. PHYLLIS M. NOLAN, as Executrix, etc., of JAMES R. NOLAN, Deceased, Respondent. — In this action to recover the sum of $4,672.04, being the difference, as plaintiff claims, between advances made by it to one James R. Nolan, now deceased, and the repayments made by Nolan, the plaintiff was awarded the sum of $1,574.25. Judgment for that amount was entered on plaintiff's own motion and thereafter plaintiff appealed. We are of opinion that such a judgment may not be reviewed.

Appeal dismissed, without costs. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Davis, J., with whom Close, J., concurs, dissents, with the following memorandum: The appeal, admittedly having merit, is to be dismissed for the reason that it was recited in the judgment that it was entered on the motion of the plaintiff's attorneys. The entry of the judgment was a ministerial act directed by the court. The recital was unnecessary and is unimportant except as it may connote assent of plaintiff that the judgment might be entered. It would have presented the same question if the plaintiff had entered the judgment without the recital, for the recital is only evidence of assent. In either case, it is not conclusive. (*Davis* v. *Fogarty*, 134 App. Div. 500, 501.) The right to appeal is given to a party aggrieved except from a judgment or order entered upon his default. (Civ. Prac. Act, §§ 557, 608.) If the judgment is in favor of a party, ordinarily he is not aggrieved and cannot appeal (*Hooper* v. *Beecher*, 109 N. Y. 609); but if it is less favorable than that to which he deems himself entitled, he may always appeal. (6 Carmody, N. Y. Practice, pp. 54, 55, and cases cited.) In this case an examination of the record shows that the plaintiff did not recover all that it was entitled to receive; and it is, therefore, aggrieved. While the making of the recital may have been a vain and careless act, that fact alone should not result in the dismissal of a meritorious appeal. The rule that a party may enter a judgment for the purpose of appealing from it is generally recognized in this and other jurisdictions. (See *Fish* v. *Weatherwax*, 2 Johns. Cas. 215; *Purdy* v. *Peters*, 15 Abb. Pr. 160; *Smith* v. *Dittman*, 16 Daly, 427, 433; *Fisher Co.* v. *Woods*, 187 N. Y. 90; *Carlson* v. *Benton*, 66 Neb. 486; *Craycraft* v. *Duncan*, 6 Ky. Law, 651; *Warner* v. *Lockerby*, 28 Minn. 28; *Johnson* v. *Henagan*, 11 S. C. 93; *Jones* v. *Davis*, 22 Wis. 403.) There is no positive authority to the contrary. At best, words loosely used in opinions are all that constitute a basis for the doctrine that a recital is fatal to a statutory right. (See *Schrader* v. *Fraenckel*, 113 App. Div. 395; *Raymond* v. *Tiffany*, 115 id. 350; *Munson Realty Co.* v. *Melrose B. & M. Corp.*, 232 id. 832.) There may be no appeal from a judgment entered by a party's consent (*Traffarn* v. *Getman*, 49 Hun, 611; see opinion 3 N. Y. Supp. 867; 3 C. J. p. 671; 2 R. C. L. p. 59; 6 Carmody, N. Y. Practice, p. 32), nor where the judgment has been voluntarily paid or its terms performed, or there has been waiver of appeal. (*Genet* v. *Davenport*, 59 N. Y. 648; 2 R. C. L. pp. 57–59; 3 C. J. p. 674.) No such situation is presented on this appeal. The record clearly shows that the plaintiff was aggrieved, and thus overcomes the slight evidence of assent indicated by the recital that the judgment was entered on the motion of plaintiff's attorneys. Such slight informality should not furnish grounds for dismissal.