## LANTIS v. UNITED STATES.

### No. 12460.

United States Court of Appeals
Ninth Circuit.

Dec. 20, 1950.

Smith, Wild, Beebe & Cades and J. Edward Collins, all of Honolulu, T.H., for appellant.

Ray J. O'Brien, U. S. Atty., Howard K. Hoddick, Asst. U. S. Atty., Honolulu, T.H., Frank · J. Hennessy, U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and MATHES, District Judge.

HEALY, Circuit Judge.

Appellant was convicted under an indictment charging that he and one Abreu knowingly and willfully conspired to violate § 80 [1] of Title 18, U.S.C., by making and presenting to the Territorial Surplus Property office a false and fraudulent application, statement, and certificate that certain surplus property, namely a jeep, would be purchased by Abreu, a veteran, for his own use in his business, whereas it was the intention of the conspirators to purchase the jeep for the sole use and benefit of appellant, a nonveteran not entitled to the benefit of the veterans'. priority privilege. There was a second count charging appellant with the substantive offense of causing a false statement to be filed in connection with the purchase of the jeep. The alleged coconspirator, Abreu, was not indicted and became the government's chief witness. On a trial to the court without a jury appellant was adjudged guilty on both counts, being sentenced to imprisonment on the first and to pay a fine on the second.

The appeal challenges the conviction on the conspiracy count only. The argument is that in order to have a conspiracy involving, as here, but two persons, it is necessary that the government prove that both persons were actuated by a corrupt motive and had the intent to commit a crime. It is claimed that Abreu was not shown to have had such motive or intent; consequently the evidence was insufficient as a matter of law to sustain appellant's conviction of conspiracy, however corrupt his own participation in the enterprise.

Several decisions, the chief of which is People v. Powell, 63 N.Y. 88, are cited in support of the argument. In the Powell case the indictment charged certain officials with conspiracy to violate a statute which enjoined upon them the duty of advertising for bids for such supplies as they might require in their department and ·in awarding contracts therefor to the lowest bidders. There was evidence that the defendants did not know of the existence of the statute making it their duty to advertise for bids; and it was held that persons .who agree to do an act innocent in itself, in good faith, and without the use of criminal means, are not converted into conspirators because it turns out that the contemplated act was prohibited by ·statute.

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 1001.

We may say in passing that the rule of the Powell case appears to have gained little if any headway in the federal jurisdiction. In Keegan v. United States, 325 U.S. 478, 506, 65 S.Ct. 1203, 1215, 89 L.Ed. 1745, Chief Justice Stone observed that "The doctrine of People v. Powell, 63 N.Y. 88, on which petitioners rely, that a criminal conspiracy to do an act 'innocent in itself' not known by the conspirators to be prohibited must be actuated by some corrupt motive other than the intention to do the act which is prohibited and which is the object of the conspiracy, has never been accepted by this Court." Nothing more need be proved, he said, than that the accused persons had in contemplation all the elements of the offence which they conspired to commit.[2] Consult also Chadwick v. United States, 6 Cir., 141 F. 225; Hamburg-American Steam Packet Co. v. United States, 2 Cir., 250 F. 747, 758-759.

 But we are not here substantially concerned with the authority of People v. Powell and the cases which have followed it, for on their facts they bear scant resemblance to the case before us. In this record there is plenty of evidence that the motives and intent of Abreu as well as of appellant were not innocent. It was abundantly shown that Abreu, pursuant to an agreement and understanding he had with appellant, made and filed declarations with the Surplus Property office stating specifically that such property as he might be permitted to purchase would be acquired for his "personal use," and that he "was not acting as agent for others." He knew, as did appellant, that these statements were false and that in truth and in fact he was purchasing the property for appellant. On the whole of his testimony, including the documents and certificates he identified as having signed, it is inescapably evident that he was actuated by the fraudulent purpose of deceiving the agency of the government having in charge the disposition of surplus property. It is immaterial that as a witness he disclaimed consciousness of the criminality of what he was doing. The law presumes that every person intends the natural and ordinary consequences of his acts. For closely similar situations see Chadwick v. United States, supra, and Hamburg-American Steam Packet Co. v. United States, supra.

Judgment affirmed.

---

2. The fact that this was said in the course of a dissent does not detract from the force of the observation, as will be apparent on a study of the decision.