■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT B. DUNCAN, III, Appellant.— Judgment of conviction affirmed. All concur except Halpern and Henry, JJ., who dissent and vote to reverse and to grant a new trial in the following memorandum by Henry, J., in which Halpern, J., concurs. Memorandum: I dissent and vote to reverse the judgment of conviction and to grant a new trial because of errors in permitting the District Attorney to refer to records which were not in evidence and in refusing to charge as requested by defendant. On cross-examination after defendant had denied that he had been convicted of a violation of an Article of War while in military service, the prosecutor, over objection, referred to fingerprint records which were not in evidence and said: "You categorically deny it even though the fingerprint records indicate you are one and the same person?" Such assumption of facts not in evidence was error. Defendant requested the court to charge that, unless the jury found the acts charged were committed with criminal intent, the defendant was entitled to acquittal. The court refused, stating that it had referred to that part of the law. The court had not charged on the necessity of criminal intent, although it had charged that there must be intent to defraud. Specific criminal intent is an essential element of the crime of forgery and the court's refusal to charge as requested was error. (*People* v. *Wiman,* 148 N. Y. 29; *People ex rel. Hegeman* v. *Corrigan,* 195 N. Y. 1, 14; *People* v. *Weaver,* 177 N. Y. 434.) It was not made clear to the jury that if the defendant signed the name of the complaining witness under the honest, although mistaken, belief that he had been authorized to do so, he was not guilty of forgery. Under the circumstances, the errors were prejudicial. (Appeal from judgment of Monroe County Court convicting defendant of forgery, second degree, two counts, and

grand larceny, second degree.)  Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.