[No. 39243.    Department Two.    November 22, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
CHARLES PARADIS, *Appellant.**

*James A. Alfieri,* for appellant.

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

OTT, J.†—The above-named appellant was charged in
King County with two counts of sodomy. He waived a trial
by jury. The testimony of two boys, ages 14 and 15, who
had each on separate dates willingly participated in the
acts of sodomy, constituted the state's case in chief. The
accused did not testify and rested his case at the close of
the state's evidence. The trial court believed the uncorrob-
orated testimony of the witnesses and found the defendant
guilty as charged. From the entry of judgment and sen-
tence the accused appeals.

Appellant contends on appeal that because the state's
witnesses were willing participants and accomplices to the
crime committed that their evidence is therefore tainted
and inherently untrustworthy and that unless such testi-
mony is corroborated it is not sufficient to sustain a convic-
tion. Appellant cites the rule in several jurisdictions which,
either by statute or court decisions, require that the testi-
mony of a participant in a sexual offense be corroborated to

*Reported in 434 P.2d 583.

†Judge Ott is serving as a judge pro tempore of the Supreme Court
pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

sustain a conviction. Appellant urges this court to adopt such rule.

■ In *State v. Psaras,* 121 Wash. 156, 208 Pac. 1094 (1922) this court held that the uncorroborated evidence of a participant in a sodomy case, if believed by the trier of the fact to be true, is sufficient to sustain a conviction. In *State v. Galbreath,* 69 Wn.2d 664, 669, 419 P.2d 800 (1966), we reaffirmed the rule announced in *Psaras, supra,* holding that "the direct and positive testimony of the complaining witness, even though uncorroborated and denied by the accused, is sufficient to present a jury question. [Citing cases.]" Referring directly to the issue of corroboration, this court said in *Galbreath, supra,* at 670:

Such offenses are rarely if ever committed under circumstances permitting knowledge and observation by persons other than the accused and the complaining witness, and not all such offenses are otherwise capable of corroboration. It would, therefore, be unrealistic and unreasonable to require proof that could not be procured, particularly where the testimony of the complaining witness is direct and positive as to all essential elements of the crime charged.

We are aware of the rule announced in the cited cases in other jurisdictions and the reasoning which supports them. They are not controlling here. We adhere to the rule we announced as early as in the year 1922 and which we have consistently followed to the present time.

The judgment of the trial court is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.

---

January 10, 1968. Petition for rehearing denied.