142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Harold Samuel WROBEL, Defendant-Appellant.
 No. 97-50352.
D.C. No. CR-96-01864-1-JNK.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 9, 1998**.
Decided April 17, 1998.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harold Samuel Wrobel appeals his conviction and sentence for conspiracy to structure currency transactions for the purpose of evading the reporting of those transactions by financial institutions. See 18 U.S.C. § 371; 31 U.S.C. § 5324(a). We affirm.
 
 
 3
 1. Wrobel first argues that the government was required to prove that he knew that structuring was illegal. His argument is without merit. In Ratzlaf v. United States, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), the Supreme Court noted that the statute, as then written, did require knowledge of illegality, see id. at 137, 114 S.Ct. at 657, but suggested that if Congress wished to "dispense with the requirement" it could do so. Id. at 146, 114 S.Ct. at 662. Certainly the Court did not even hint that the Constitution would present an impediment to Congress's doing just that. In addition, four justices dissented from the proposition that the statute then required knowledge. See id. at 150, 114 S.Ct. at 663 (Blackmun, J. dissenting). They surely did not see a constitutional impediment. Nor did we in our earlier construction of the statute. See, e.g., United States v. Hoyland, 914 F.2d 1125, 1128-29 (9th Cir.1990). Congress then amended the statute to remove any argument that knowledge of illegality was a statutory requirement. See 140 Cong. Rec. H6693 (daily ed. Aug. 2, 1994).[1]
 
 
 4
 Wrobel also argues that in order to conspire to commit a crime like structuring, he must have had some additional corrupt motive. He cites no authority for that supposed requirement, and we have found none. In fact, we have negatively alluded to the general possibility of a requirement of that kind. See Lantis v. United States, 186 F.2d 91, 93 (9th Cir.1950); see also United States v. Freed, 401 U.S. 601, 609 n. 14, 91 S.Ct. 1112, 1118 n. 14, 28 L.Ed.2d 356 (1971). We need not explore the notion now. Even if a corrupt motive were needed, there was substantial evidence that Wrobel's motives were hardly pure.
 
 
 5
 2. Wrobel next claims that there was insufficient evidence to establish a conspiracy. Of course, the government had to submit sufficient evidence to establish all of the elements of the conspiracy. See United States v. Hegwood, 977 F.2d 492, 497 (9th Cir.1992). Here there was evidence aplenty to show that Wrobel and his conspirators agreed to structure these transactions for the purpose of evading reporting requirements and thereby avoiding a paper trail, and that they took steps to carry out their plan. Indeed, they did carry it out. There can be little doubt that their conspiracy could be shown through the use of circumstantial evidence. See id. And coordinated action, like the action found here, can be " 'strong circumstantial evidence." ' United States v. Fulbright, 105 F.3d 443, 448 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 1836, 137 L.Ed.2d 1041 (1997).
 
 
 6
 3. The district court calculated Wrobel's offense conduct score using USSG § 2S1.3.[2] That required that the court ascertain the necessary sentencing facts, which it properly did by using the preponderance of the evidence standard. See United States v. Morrison, 113 F.3d 1020, 1021 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 583, 139 L.Ed.2d 421 (1997); United States v. Restrepo, 946 F.2d 654, 659-60 (9th Cir.1991) (en banc). There was nothing unusual enough about this case to require that a higher standard of proof be used. See id. In so doing, the district court did not clearly err when it decided that Wrobel thought he was laundering drug money or acted in reckless disregard of what he was laundering. The court based its decision on, among other things, a co-conspirator's testimony that he told Wrobel that the funds were drug money, and Wrobel's own illogical, though creative, story about what he thought the funds were. Based upon those determinations, Wrobel was properly sentenced by using §§ 2S1.3(a) and (b)(1) rather than §§ 2S1.3(a) and (b)(2). In short, the district court was not required to determine that Wrobel's crime was a mere bevue. There was no error in the sentence imposed.[3]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because knowledge was not required, the district court did not err in excluding evidence of lack of knowledge. See United States v. Komisaruk, 885 F.2d 490, 493 (9th Cir.1989); United States v.. Cottier, 759 F.2d 760, 763 (9th Cir.1985)
 
 
 [2]
 All references are to the guidelines effective November 1, 1996
 
 
 [3]
 Wrobel claims that despite the direction in § 2S1.3(a) that the district court must use the § 2F1.1 table to determine the guideline score, it really should not have done so. That claim is otiose. Wrobel might prefer a different direction from the Guideline Commission, but it, not he, is the guideline's provenance